■ VIVIAN ABRAMOWITZ, Appellant, v CHRYSLER CORPORATION, Defendant, and AVIS RENT-A-CAR SYSTEMS, INC., Respondent.—Order and judgment (two papers), Supreme Court, New York County, entered April 22, 1977 and May 10, 1977, respectively, dismissing the complaint before submission of factual issues to the jury, unanimously reversed, on the law, the judgment vacated, the complaint reinstated, and the matter remanded for a new trial, with $60 costs and disbursements of this appeal to abide the event. Vivian Abramowitz rented a Plymouth Fury automobile from Avis Rent-A-Car· Systems, Inc. (Avis), on August 16, 1971 for a three-week period. The odometer at the time of rental registered 9,520 miles. On the first day of the rental term, the car was driven to Sturbridge, Massachusetts. On the second day (August 17), while Abramowitz was driving on Interstate 495 (a six-lane divided highway), the car veered uncontrollably to the left, ran onto the grass divider, and stopped in an embankment located there. Abramowitz suffered physical injury. Abramowitz sued the Chrysler Corporation as the manufacturer of the vehicle, as well as Avis, on theories of negligence and breach of warranty. At the beginning of the trial, the plaintiff discontinued the action as against Chrysler Corporation. During the course of the trial, the plaintiff introduced evidence that the left front wheel of the car had collapsed; that the path on the left side of where the car traveled was marked by furrows and a gouge; and that when the car veered left the steering wheel would not respond to efforts to turn it in the opposite direction. The plaintiff testified that during the course of the first day's drive the car responded properly, and no difficulty in maneuvering was experienced. An affidavit from the regional claims manager of Avis was introduced, which stated that all of the maintenance repair records of the vehicle involved had been destroyed. The court dismissed the complaint after the plaintiff's case on the ground that plaintiff failed to meet her burden of proving a prima facie case. We would reverse and remand for a new trial. The sufficiency of plaintiff's evidence must be weighed by considering the facts adduced at the trial in an aspect most favorable to the plaintiff, and plaintiff is entitled to the benefit of any favorable inference reasonably to be drawn from the facts *(Martin v City of Albany,* 42 NY2d 13, 18; *Sagorsky v Malyon,* 307 NY 584, 586; *De Wald v Seidenberg,* 297 NY 335, 336). When plaintiff picked up the car from Avis, it was represented to be in good working condition. The car was driven a relatively short distance when the accident occurred. There was no evidence of careless driving on the part of the plaintiff. The description of the scene of the accident (namely, furrows and a gouge on the path of the left side of the car and tire marks on the path of the right side of the car), as well as the description of the car itself, raise a circumstantial inference that the crash was caused by a defect in the car *(Swensson v New York, Albany Desp. Co.,* 309 NY 497; *Markel v Spencer,* 5 AD2d 400, affd 5 NY2d 958). Based on the uncontradicted facts adduced, the plaintiff established a prima facie case which should have been submitted to the jury for determination. We have accordingly remanded the matter for a new trial. Concur—Lupiano, J. P., Lane, Markewich and Sandler, JJ.