## (April 24, 1978)

■ MODESTO DIAZ, Appellant, v ELLERMAN BUCKNALL S. S. CO., LTD., et al., Defendants and Third-Party Plaintiffs-Respondents. INTERNATIONAL TERMINAL OPERATING CO., INC., Third-Party Defendant-Respondent.—Judgment, Supreme Court, New York County, entered March 25, 1976, unanimously reversed, on the law and in the exercise of discretion, vacated, the third-

party complaint reinstated, and the matter remanded for a new trial, with $60 costs and disbursements of this appeal to abide the event. It was error to direct a verdict for defendants. The complaint asserted causes of action in both unseaworthiness and negligence. The use of the "chocks" in the manner testified to was sufficient to create an issue of fact as to the existence of an unseaworthy condition. (See *Edynak v Atlantic Shipping Inc. Cie. Chambon (Maclovia S. A.,* 562 F2d 215, 224-225.) As for the sufficiency of the proof offered on negligence, there was evidence from which the trier of the fact could have found actual or constructive notice of a hazardous condition. A shipowner may be held liable for an unsafe condition even where the notice with which it is charged is only constructive. (See *Albanese v Nederl. Amerik. Maats.,* 382 US 283; *Rice v Atlantic Gulf & Pacific Co.,* 484 F2d 1318; *Ferrante v Swedish Amer. Lines,* 331 F2d 571, 575, cert dsmd 379 US 801.) Although no appeal was taken from that portion of the judgment which dismissed defendants' third-party complaint the interests of justice dictate that the entire judgment should be reversed in order to afford the trial court the opportunity of a full exploration of all the issues, including the right to indemnification by the shipowner against the stevedore, (see *Rome Cable Corp. v Tanney,* 21 AD2d 342) and to avoid a proliferation of litigation. Concur—Murphy, P. J., Fein, Lane, Sandler and Sullivan, JJ.