■ EDWARD MERKLE, Individually, and as Father and Natural Guardian of DENNIS MERKLE, an Infant, Appellant, v BARBARA J. SMITH et al., Respondents.—Appeals (1) from a judgment of the Supreme Court, entered November 15, 1977 in Essex County, in favor of defendants Lyon, Nelson and Lake, and (2) from a judgment of the same court, entered November 29, 1977 in Essex County, in favor of defendant Smith, both upon an order dismissing the complaint as against the respective defendants made by the court at Trial Term at the close of evidence. The plaintiff Edward Merkle (Merkle) and the defendant Clarence V. Lyon (Lyon) were engaged in a business arrangement and prior to February 8, 1969 Merkle and his family had visited at the Lyon residence on numerous occasions. On February 8, 1969 Merkle and his family visited the Lyon residence. The entrance to the Lyon property and residence is a 250-foot driveway which rises upward from the public highway to the buildings. The driveway is approximately nine feet wide and on February 8, 1969 was covered by snow and flanked by snowbanks four to five feet high. Merkle's children, Dennis and Denise, used a sled not owned by Lyon to slide on the upper part of the driveway and after Dennis nearly struck the Lyon residence, Merkle said he would operate the sled with the children. Thereafter, Merkle sat on the rear of the sled with Denise immediately in front of him and Dennis in front of her. Merkle and the children made four or five slides in this fashion on the roadway down the hill and continuing to the highway with Merkle steering the sled with his feet and holding on to a tow rope affixed to the sled's front. At about 3:00 P.M. Merkle and his children started down a slide without realizing that also at the same time the defendant Barbara Joan Smith (Smith) had turned her vehicle into the driveway from the public highway for the purpose of visiting her father, Lyon, at his residence. Merkle came around a curve and was to the right side of the driveway when he was "suddenly" confronted by Smith's automobile. Merkle, in his brief on this appeal, states the facts as to happenings subsequent to his viewing the automobile as follows: "The plaintiff Edward Merkle testified that he pressed his feet down and pulled up on the rope in order to swerve away from the car; but that the left front of the sled came in contact with the left front fender of the automobile. Both the plaintiff Edward Merkle and the infant plaintiff Dennis Merkle testified that they heard no horn sounded by the approaching automobile. The plaintiff Edward Merkle stated that the Volkswagen was approximately six feet from the front of the sled when he first observed it. Plaintiff Edward Merkle testified that the sled was traveling three to four miles per hour, and that the Volkswagen was in motion and that he could not estimate its speed, although it was going faster than the sled." There was conflicting evidence offered at the trial as to the details of the happening of the accident; however, for the present appeal that evidence is not dispositive. The trial was on the issue of liability only and the trial court at the close of all the evidence took the following course: "I can't find any question of fact to submit to a jury, either against the car owner and driver or the owner of the land. Therefore, I am going to grant both motions [defendants] to dismiss." The plaintiff contends that the trial court erred because there were issues of fact which should have gone to the jury and further that the court erred in proceeding to trial on the issue of liability without including proof of damages. As to bifurcating the trial, the plaintiff has not been prejudiced and asserting error in this regard has no

perceivable merit. As to the "issues of fact" urged by the plaintiff, the question raised by a dismisal at the close of the evidence is whether or not a cause of action has been proven for the jury. It is well established that a plaintiff is entitled to the most favorable view of the evidence available and that there must be no rational basis whereby the jury might find in favor of a plaintiff before a Trial Judge or Justice may dismiss a complaint at the close of the evidence presented *(Blum v Fresh Grown Preserve Corp.,* 292 NY 241; *Diaz v Ellerman Bucknall S. S. Co.,* 62 AD2d 961; *Abramowitz v Chrysler Corp.,* 61 AD2d 913; *Van Fleet v Auburn Foundry,* 60 AD2d 668). Merkle chose to use the driveway for sliding and he conceded at trial that he did *not* make such choice because he believed no one else would drive up the hill with an automobile. It would be incredible for anyone not to realize that the entranceway to the residence might at any time be utilized by a visitor's vehicle. The danger in this case was patent and there was no issue as to Lyon having used reasonable care in all respects *(Basso v Miller,* 40 NY2d 233). Based upon the plaintiff's own description of the sudden confrontation between the automobile and the sled and the testimony of the other witnesses which suggests no way in which the collision could have been avoided by Smith or caused by her, there was a complete failure of proof of negligence on her part. It might be further appropriate to note that as to Merkle in his individual capacity, the record conclusively establishes an assumption of the risk of this very accident, but that such a consideration would not bar the action of Dennis Merkle if there were any basis for negligence as to him by the defendants. Judgments affirmed, without costs. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.