■ MICHAEL PIZZOLA et al., as Parents and Natural Guardians of FRANCES PIZZOLA, an Infant, et al., Appellants, v STATE OF NEW YORK, Respondent.—Weiss, J. Appeal from a judgment of the Court of Claims (Hanifin, J.), entered May 3, 1985, which dismissed the claim.

On December 16, 1981, at approximately 2:30 A.M., claimant Frances Pizzola (hereinafter claimant), a 20-year-old student at the State University of New York Agricultural and Technical College at Cobleskill (hereinafter Cobleskill), was seriously injured in a sledding accident on campus. Claimant and her parents filed this claim alleging that the State negligently failed to prevent the accident by not prohibiting or supervising sledding on campus and by failing to post appropriate warnings on the hill where the accident occurred. After a trial limited to the issue of liability, the Court of Claims dismissed the claim, finding no breach of duty on the part of the State. This appeal ensued.

We affirm. As the owner of the property in question, the State owed a duty of care commensurate with that of a private individual, i.e., to exercise reasonable care under the circumstances in maintaining its property in a safe condition *(see, Kush v City of Buffalo,* 59 NY2d 26, 29; *Mesick v State of New York,* 118 AD2d 214, 216-217, *lv denied* 68 NY2d 611). The scope of this duty is measured in terms of foreseeability *(see, Basso v Miller,* 40 NY2d 233, 241; *O'Connor v State of New York,* 126 AD2d 120, 122-123) and whether a breach occurred necessitates an analysis of the trial evidence. The

accident occurred on a hill located near the campus athletic field, which several photographs received into evidence confirm was approximately 125 feet long, quite steep and not illuminated. This hill was not a designated recreation area. Claimant and her two companions arrived at this location at approximately 2:00 A.M., and climbed over a guardrail to reach the top of the embankment. A heavy snowstorm was in progress and visibility was poor. Approximately 10 other people were sledding in an unorganized fashion. Earlier, one of claimant's companions obtained several cafeteria trays without permission from a locked office in their dormitory for the intended purpose of utilizing the trays as sleds, an activity referred to as "traying". On their first run, claimant and one companion, Cindy Cerra, utilized a garbage bag to slide down the hill because, as Cerra explained, the trays went too fast and people were hitting other sliders at the bottom of the hill. Cerra further indicated that there was little control over the trays, which could not be steered. The next run, claimant and her two friends decided to form a "train", with claimant in the lead, and slide on the trays down the slope one after the other. At the bottom of the hill, claimant was struck twice in the back of the neck by an unidentified party or object, and immediately realized she could neither breathe nor move. Tragically, her spine was fractured and the spinal cord damaged, rendering her a quadriplegic.

Prior to this incident, the only other recorded traying accident at Cobleskill occurred three hours earlier, on the same slope, and was listed as a "sleigh riding" accident. The record supports the Court of Claims assessment that while occasional incidents of sledding were observed by the State's employees, there was rarely any traying at Cobleskill, particularly on the hill in question.

Given this background, we find that the injuries to claimant were entirely unforeseeable (see, Cohan v Milano, 79 AD2d 579, affd 55 NY2d 926; Merkle v Smith, 66 AD2d 913, 914; see also, Holtslander v Whalen & Sons, 126 AD2d 917). The extreme risks inherent in unsupervised traying at night on a steep hill, during a heavy snowstorm with limited visibility, are self-evident. The danger was readily observable and we discern little practical effect to imposing a duty to warn on the State (see, Cimino v Town of Hempstead, 110 AD2d 805, affd 66 NY2d 709; Herman v State of New York, 94 AD2d 161, affd 63 NY2d 822). Nor were the prior incidents of sledding or traying so prevalent as to put the State on notice of a dangerous situation such that the promulgation of rules or

other action to abate sledding was necessary *(cf., O'Connor v State of New York,* 126 AD2d 120, *supra).* Accordingly, we perceive no breach of duty on the part of the State and the Court of Claims properly dismissed the claim. In the final analysis, it is all too clear that the careless activities of the students involved, and not any omission on the part of the State, was the proximate cause of this truly unfortunate accident *(see, Mesick v State of New York,* 118 AD2d 214, 218, *supra; Cohan v Milano, supra,* at 580).

Judgment affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Levine and Harvey, JJ., concur.