■ JOSEPH M. POERIO, Respondent, v STATE OF NEW YORK, Appellant.—Kane, J. P. Appeal from a judgment in favor of claimant, entered July 2, 1987, upon a decision of the Court of Claims (Margolis, I., J.).

On Saturday, June 15, 1985, at approximately 10:00 A.M., claimant was riding his bicycle on the grounds of State University College at Cortland in Cortland County. His son, then age three, was riding on the back in a child's seat. The bicycle path claimant was riding on took him to Davis Field, an athletic field which included a running track that surrounded a football field. The track, in turn, was surrounded by bleachers.. On reaching the field, claimant left the bicycle path and turned onto a paved walkway which ran parallel to the field. As he proceeded on this walkway, claimant's son asked him to take him inside the field. Claimant agreed and decided to turn around to get to an entrance to the field. To make the necessary U-turn, claimant turned right onto an entryway under the bleachers. He then proceeded along another paved walkway which ran west to east under the bleachers and which led to a midfield entrance to the field.

Immediately to the left of this walkway was the underside of the bleachers as well as the underside of a press box. The press box was 15 feet above the ground and was supported by six pairs of vertical beams. The two pairs of beams at either end of the press box were connected by horizontal crossbeams, also running west to east at heights of 5 and 10 feet, rendering travel between the vertical support beams impossible by adults of normal height. The entire area under the press box

was paved to prevent accumulation of mud and trash. Claimant rode head on into the five-foot-high crossbeam supporting the press box. He suffered a broken nose and his forehead was lacerated. The bicycle was also damaged. His son suffered no injuries.

Thereafter, claimant commenced this action alleging that the State was negligent in failing to give adequate notice of the five-foot-high steel crossbeam with which claimant collided. At trial, claimant testified that he had grown up in the City of Cortland, had visited the campus often and was familiar with the area where the accident occurred. He also conceded that he was looking forward (in the direction of his turn) and down, instead of directly ahead of him, with the glare of the sun in his eyes, when he began his turn on the walkway. Following the trial, the Court of Claims determined that claimant was 75% at fault, noting that "[b]y far, claimant's conduct [was] the major producing cause of his injuries". However, the court also found the State 25% at fault and found it negligent "in paving so much of the entranceway as was impassable because of the undistinguished five foot high crosspiece, or in failing to distinguish that crosspiece". This appeal by the State ensued.

In our opinion, and premised on the record before us, the claim should have been dismissed. In so doing, we note that on appeals from suits initiated in the Court of Claims, this court has the authority and duty to make new findings when necessary or required (see, Cohen v State of New York, 51 AD2d 494, 498, affd 41 NY2d 1086). Turning to the merits, in assessing the duty owed to those entering onto the landowner's property, a single standard of care applies; that is, what constitutes "reasonable care under the circumstances whereby foreseeability [is] a measure of liability" (Basso v Miller, 40 NY2d 233, 241). Here, the Court of Claims concluded that it was foreseeable that pedestrians and others lawfully using the entranceway would fail to timely see the obstruction and found no reason to distinguish between walkers and bicyclists. In our view, however, the accident was not foreseeable and therefore the State did not breach its duty of care.

Testimony at trial established that from the time the area was paved until the time of trial, no complaints or incidents were reported to the Campus Safety Committee concerning that area. Furthermore, the path claimant used, south to north, was not planned for; rather, the entryway was designed as a west to east route from outside to inside the bleachers and back. It simply was not foreseeable that a pedestrian,

much less a cyclist, would go through the area in a south to north direction and, further, that he would do so without looking where he was going.

There was also no evidence presented to support the finding that the area of the accident constituted a hazardous condition presenting a foreseeable danger. There is " 'no duty to warn against a condition that can be readily observed by the reasonable use of senses' " (Cimino v Town of Hempstead, 110 AD2d 805, 806, affd 66 NY2d 709, quoting Olsen v State of New York, 30 AD2d 759, affd 25 NY2d 665). Here, the photographs depicting the scene of the accident manifestly show the area where claimant attempted to enter to be a maze of metal beams where no person would be inclined to walk much less bicycle through. Trial testimony also showed that the bleachers were constructed in conformance with prevailing standards of the construction industry and that it was not standard industry practice to paint crossbeams in contrasting colors. There was therefore no basis for the Court of Claims' conclusion that the State owed a duty to distinguish the bar or to distinguish the pavement thereunder. Accordingly, claimant's accident, while unfortunate, cannot be attributed to any negligence on the State's part, but rather to claimant's failure to look where he was going.

Judgment reversed, on the facts, without costs, and claim dismissed. Kane, J. P., Casey, Weiss, Mikoll and Mercure, JJ., concur.