■ HELEN A. PERSONS, Respondent, v THOMAS CROSS et al., Appellants.—Mikoll, J. Appeal from an order of the Supreme Court (Conway, J.), entered December 14, 1987 in Albany County, which denied defendants' motions for summary judgment dismissing the complaint and cross claims against them.

As plaintiff and defendant Robert Cooke were exiting a field adjacent to property owned by defendants Thomas and Margaret Cross, they noticed that cows owned by Robert Cooke had wandered out of the corral located on the farm of his mother, defendant Margaret Cooke, onto the Cross property. The properties lay across from each other, on either side of State Route 81 near the border between Albany and Greene Counties. Plaintiff, at the behest of Robert Cooke, entered the Cross property from the rear of the home thereon and proceeded to chase the cows toward Route 81 where Robert Cooke awaited so as to apprehend them and guide them back to the corral. The Cross property had a 400-to-500-foot frontage with a driveway on its west side. The house lay 500 to 600 feet back

from the highway. Some 40 feet in front of the house there is a retaining wall which runs 60 feet across the property beginning at the driveway. The embankment varies from 2 to 6 feet. It has been in place for a long time. While attempting to direct the cows toward Robert Cooke, plaintiff was injured when she fell off of the retaining wall on the Cross property. The accident happened between midnight and 1:00 A.M. The Cross property was not illuminated at the time.

Plaintiff commenced this action alleging negligence on the part of the Cookes in allowing the cattle to roam free and in failing to warn plaintiff of the dangerous condition on the Cross property. Plaintiff also alleges negligence on the part of the Crosses in failing to maintain their property in a reasonably safe condition by either illuminating the embankment or fencing in the property. All of the defendants moved for summary judgment basically claiming that, upon the facts alleged, there was no basis to impose liability. In denying defendants' motions, Supreme Court concluded that there existed questions of fact due to the conflicting statements of the parties which required resolution. While we agree that summary judgment was not warranted in favor of the Cookes, we are of the contrary view as to the Crosses.

It is uncontroverted that plaintiff simply ran off the retaining wall in the darkness of the night while in pursuit of the cattle. It was the Crosses' duty to those who entered their property to exercise "reasonable care under the circumstances whereby foreseeability shall be a measure of liability" *(Basso v Miller,* 40 NY2d 233, 241). An embankment is not dangerous per se *(People v Joseph,* 172 NYS2d 463, 472). Plaintiff's pursuit of the cows, late at night, over unknown terrain was so improbable an event that the Crosses could not possibly foresee it and had no duty to guard against it.

Order modified, on the law, without costs, by reversing so much thereof as denied the motion of defendants Thomas Cross and Margaret Cross; motion granted and summary judgment awarded to said defendants dismissing the complaint and all cross claims against them; and, as so modified, affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.