■ KLAUS A. KOWALZIK, Respondent, v BRUNO MACHINERY CORPORATION, Appellant.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered March 21, 1988 in Rensselaer County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff, a 42-year-old experienced motorcyclist, sustained serious injuries on May 18, 1982, a Saturday, at about 5:30 P.M. in the afternoon while operating a motorcycle at approximately 20 miles per hour. He apparently struck the lower of two horizontal crossbeams running from the exterior of defendant's building to a support beam which was attached near the top of the building and extended to the ground at an angle such that the concrete base of the support beam was 7 feet, 3 inches from the building; the crossbeam, which plaintiff purportedly did not see as he attempted to drive the vehicle between the building and the angular support beam, was 4

feet, 5 inches from the ground. The weather was clear, the day light and plaintiff knew at the time that the angular support beam he intentionally rode under was located on private property. The accident occurred while plaintiff, in the course of making a wide turn at the western end of a dead-end street abutting defendant's parking lot, a street he was familiar with and on which there was no traffic, proceeded from the street onto defendant's parking lot where no cars were parked at the time.

In the ensuing negligence suit, plaintiff alleged that defendant failed to install curbing or otherwise delineate the boundaries of its property adjoining the street, failed to warn of the crossbeam's existence, either with lighting or luminous paint, and failed to barricade the "trap" created by the support and crossbeams. After joinder of issue and the taking of plaintiff's deposition, which disclosed the previously described facts, defendant moved unsuccessfully for summary judgment dismissing the complaint. Supreme Court was of the view that fact issues existed as to whether it was foreseeable that traffic proceeding west on this dead-end street would negotiate U-turns in such a fashion as to come in close proximity to the unmarked crossbeam and whether this constituted a dangerous situation. We reverse.

This case is virtually indistinguishable from *Poerio v State of New York* (144 AD2d 129), recently decided by this court, where it was concluded that the accident was not foreseeable and hence the State did not breach its duty of care. Similarly, here it was neither contemplated nor foreseeable that plaintiff, fully aware he was traveling beyond the limits of the public roadway *(see, Tomassi v Town of Union,* 46 NY2d 91, 97), familiar with defendant's parking lot which was unoccupied at the time, and cognizant as well of the clearly observable support beam, would undertake to drive a motorcycle through the narrow opening *(see, Poerio v State of New York, supra,* at 130-131).

The averment of plaintiff's engineering expert that, in his opinion, the lack of curbing or markings indicating where the public street ended and defendant's adjacent parking lot commenced may have contributed to the accident cannot be accepted in view of plaintiff's unambiguous admission that he knew he was riding on private property when the accident happened. That the crossbeam was, in the expert's judgment, dull and difficult to see does not diminish the fact that since the support beam and its angular configuration were readily observable to plaintiff by a reasonable use of his senses, he

should have known that in driving underneath it there was a danger that he would be injured. Thus, even assuming that there is a viable cause of action, the complaint must still be dismissed for plaintiff's reckless conduct was the sole proximate cause of the accident *(see, Boltax v Joy Day Camp,* 67 NY2d 617, 620).

Order reversed, on the law, without costs, motion granted and complaint dismissed. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.