■ JONATHAN McINTYRE, an Infant, by His Mother and Natural Guardian, JEANNE McINTYRE, et al., Respondents, v BEAVER DAM WINTER SPORTS CLUB, INC., et al., Appellants, et al., Defendants.—In a negligence action to recover damages for personal injuries, the defendants Jane M. Scherer and the Beaver Dam Winter Sports Club, Inc. appeal from so much of an order of the Supreme Court, Nassau County (Levitt, J.), entered July 22, 1988, as denied their separate motions for summary judgment. These appeals bring up for review so much of an order of the same court, dated January 9, 1989, as, upon renewal and reargument, adhered to the original determination. The defendant Long Island Railroad Company appeals from so much of the order of the same court, dated January 9, 1989, as, upon renewal and reargument, adhered to its prior determination denying that defendant's motion for summary judgment.

Ordered that the appeal from the order entered July 22, 1988 is dismissed, without costs or disbursements, as that order was superseded by the order dated January 9, 1989, made upon renewal and reargument; and it is further,

Ordered that the order dated January 9, 1989, is reversed, on the law, without costs or disbursements, the respective motions of the defendants Scherer, the Beaver Dam Winter

Sports Club, Inc., and the Long Island Railroad for summary judgment dismissing the complaint insofar as asserted against them are granted, and, upon searching the record, summary judgment dismissing the complaint is also awarded to the defendants Sigurd and Odny Rodge (see, CPLR 3212 [b]).

In the afternoon of February 15, 1983, the infant plaintiff and his friends were sledding and sliding down a snow-covered hill which is located approximately 100 feet west of the gate that leads to the Beaver Dam Winter Sports Club, Inc. A day or two prior thereto, the infant plaintiff had removed the cable from the gate that leads to the Sports Club and attached it to a nearby tree. On February 15, the infant plaintiff and his friends were sledding and sliding down the hill, using the cable to stop themselves and then climb back up the hill. At approximately 4:00 P.M., the infant plaintiff slid down the hill holding onto the cable. As he neared the end of the cable, a bolt attached to the end of it struck him in the right eye and entered his brain. The infant plaintiff suffered extensive injuries to his brain and to his right eye.

The infant plaintiff sued the Beaver Dam Winter Sports Club, Inc., Sigurd and Odny Rodge, Jane and Jonas Scherer and the Long Island Railroad for their negligent ownership, operation, management, inspection, supervision, maintenance, control, and repair of the cable and the lot where the accident occurred. The infant's mother also seeks to recover damages for loss of services and for reimbursement of medical and hospital expenses.

The defendant Jane Scherer moved for summary judgment (her husband Jonas had died three years prior to the accident) and the defendants Beaver Dam Winter Sports Club, Inc., and the Long Island Railroad separately moved for the same relief. The court denied the motions, finding that there was a dispute concerning the location of the accident and the ownership of the property on which it took place. These defendants then moved for leave to renew and reargue. The court, in effect, granted reargument and renewal but adhered to its original determination finding that there were still triable issues of fact concerning the ownership of the cable and the property. These appeals followed.

We find that the summary judgment motions should have been granted. To establish a prima facie case of negligence, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, and (3) resulting injury proximately caused by the breach (Solomon v City of New York, 66 NY2d 1026). The infant plaintiff failed to establish

that the defendants owed him a duty, the breach of which proximately caused his injuries.

A landowner has a duty to exercise reasonable care under the circumstances in maintaining its property in a safe condition. Defining the nature and scope of the duty and to whom the duty is owed requires consideration of the likelihood of injury to another from a dangerous condition or instrumentality on the property, the severity of potential injuries, the burden of the landowner to avoid the risk, and the foreseeability of a potential plaintiff's presence on the property *(Kush v City of Buffalo,* 59 NY2d 26, 29-30).

Although the infant plaintiff's injuries were severe, the dangerous condition which caused them was created by the infant plaintiff himself, and was not due to any act or omission on the part of the defendants. As previously noted, the infant plaintiff one or two days before the accident, took the cable that had been attached to the gate of the Beaver Dam Winter Sports Club, Inc. and attached it to a nearby tree. There is no evidence that the defendants were aware or should have been aware of the dangerous condition created by the infant plaintiff. Moreover, the infant plaintiff's presence on the property was unforeseeable. Although there is evidence in the record that the infant plaintiff and his friends had used the hill for sledding on three or four occasions during the winter of 1982-1983, the prior incidents of sledding were not so prevalent as to put the defendants on notice of a dangerous situation *(see, Pizzola v State of New York,* 130 AD2d 796).

Even assuming that some duty was owed to the infant plaintiff, the failure to perform that duty was not the proximate cause of the accident. It is clear that the direct cause of the infant plaintiff's injuries was a dangerous condition which he, himself, created.

When only one conclusion may be drawn from the established facts, the question of legal cause may be decided as a matter of law *(Boltax v Joy Day Camp,* 67 NY2d 617). Thus, the defendants are entitled to summary judgment as a matter of law, since neither their acts nor omissions were the proximate cause of the infant plaintiff's injuries *(Boltax v Joy Day Camp,* 113 AD2d 859, 861, *affd* 67 NY2d 617, *supra).*

Although the defendants Sigurd and Odny Rodge did not move for summary judgment, we find, upon searching the record, that they are also entitled to such relief as a matter of law *(see,* CPLR 3212 [b]). Eiber, J. P., Sullivan, Balletta and Miller, JJ., concur.