■ DONNA HESSNER, Individually and as Parent and Natural Guardian of NICOLE HESSNER, an Infant, Respondent, v EARL LAPORTE et al., Appellants.—Mahoney, P. J. Appeal from an order of the Supreme Court (Cheeseman, J.), entered October 2, 1990 in Albany County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover for injuries sustained by her then seven-year-old daughter, Nicole, while on defendants' property. The incident occurred in September 1987 when Nicole left her own backyard to play with two friends who had gone onto defendants' property. Nicole, wearing rollerskates at the time, opened the closed gate of the six-foot chain link fence surrounding defendants' property and entered thereon. At no time did Nicole have permission from defendants to play in their yard. Although defendants had regularly maintained the yard, the children had found some tree branches on the ground with which they were playing. Nicole was holding down the narrow end of a branch lying on the ground when one of her playmates jumped with both feet on the opposite, thicker end of the branch. The end of the branch held by Nicole flew up and struck her in the face, causing two lacerations that required stitches and eventually additional surgery.

Defendants subsequently moved for summary judgment on the grounds that they had not breached any duty owed to Nicole and, alternatively, that any alleged breach was not the proximate cause of her injuries. Supreme Court denied the motion, finding that a question of fact existed as to "the foreseeability of the dangerous condition of the premises". This appeal by defendants followed.

We reverse. As with any landowner, defendants owed a duty to exercise reasonable care in maintaining their property in a safe condition under the circumstances *(see, Basso v Miller,* 40 NY2d 233, 241). "The scope of this duty is measured in terms of foreseeability" *(Pizzola v State of New York,* 130 AD2d 796; *see, Basso v Miller, supra),* and questions of foreseeability are for the court to determine as a matter of law when but a single inference can be drawn from undisputed facts *(see,*

*Trivino v Jamesway Corp.,* 148 AD2d 851, 852-853). In our view, the undisputed facts present no evidence that defendants maintained their property in such a way as to constitute a hazardous condition presenting a foreseeable danger *(see, Poerio v State of New York,* 144 AD2d 129, 131; *see also, Kowalzik v Bruno Mach. Corp.,* 150 AD2d 965, 966, *lv denied* 75 NY2d 703). As plaintiff's counsel admitted in his affidavit opposing the motion for summary judgment, defendants "inspected the subject property on a regular basis, at least once a week, took steps to maintain and preserve the property including cleaning, cutting grass and removal of branches". Nothing in the record indicates that defendants were aware of the existence of the tree branch involved in the injury or that they negligently failed to remove it as part of their regular maintenance of the property. Nor do we view the branch as constituting an attractive nuisance or a dangerous instrumentality. In short, given the reasonable measures undertaken by defendants in maintaining their property, we find that the unfortunate events causing Nicole's injuries were insufficiently foreseeable to establish any breach by defendants *(see, Persons v Cross,* 146 AD2d 892, 893, *lv dismissed, lv denied* 73 NY2d 993).

Furthermore, even assuming such a breach, defendants were entitled to summary judgment in that any failure on their part to maintain the premises was not, as a matter of law, the proximate cause of Nicole's injuries *(see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315; *O'Britis v Peninsula Golf Course,* 143 AD2d 123, 125). The act of Nicole's friend, in intentionally jumping on the very branch that she was holding down, constituted a superseding cause of Nicole's injury "for it so attenuated any alleged negligence of [defendants] from the ultimate injury that the imposition of liability upon the landowner would be unreasonable" *(O'Britis v Peninsula Golf Course, supra,* at 125; *see, Kush v City of Buffalo,* 59 NY2d 26, 33). We reject plaintiff's attempt to distinguish *O'Britis* from the facts of the instant case. Regardless of whether actual injury in *O'Britis* was intended, in both that case and the case at bar the superseding act that caused the injury was clearly intentional. In light of the foregoing, defendants were entitled to summary judgment.

Order reversed, on the law, without costs, motion granted, summary judgment awarded to defendants and complaint dismissed. Mahoney, P. J., Mikoll, Yesawich, Jr., Crew III and Harvey, JJ., concur.