■ Barbara Bracci, Respondent, v Edward F. Roberts, Appellants. [630 NYS2d 143] —Casey, J. Appeal from an order of the Supreme Court (Mugglin, J.), entered July 12, 1994 in Delaware County, which denied defendant's motion for summary judgment dismissing plaintiff's complaint.

Plaintiff commenced this action to recover damages for personal injuries sustained when she slipped and fell on ice and snow on a shoveled pathway on defendant's snow-covered property. Defendant contends that his motion for summary judgment should have been granted because it was not foreseeable that plaintiff would come on his property and use the path, which he had created for his own use. Because foreseeability is a critical element of the landowner's duty to maintain property in a reasonably safe condition (*see, Basso v Miller*, 40 NY2d 233, 241), no liability arises where the injured party's presence on the property is not reasonably foreseeable (*see, e.g., Mulholland v Willis*, 177 AD2d 482). We agree with Supreme Court, however, that in the circumstances of this case the foreseeability of plaintiff's use of the path raises a question of fact. Plaintiff's presence in the vicinity of the allegedly defective condition was not so improbable that the liability issue can be determined as a matter of law (*cf., Persons v Cross*, 146 AD2d 892, *lv dismissed, lv denied* 73 NY2d 993). Defendant's assumption of risk claim was not raised at Supreme Court and we will not consider it for the first time on appeal.

Mercure, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.