■ Patrick Elwood, Individually and as Administrator of the Estate of Scot Elwood, Deceased, et al., Respondents, v Alpha Sigma Phi, Iota Chapter of Alpha Sigma Phi Fraternity, Inc., et al., Appellants. [878 NYS2d 499]—

---

Rose, J. Appeal from an order of the Supreme Court (Mulvey, J.), entered April 3, 2008 in Tompkins County, which partially denied defendants' motion for summary judgment dismissing the complaint.

Plaintiffs commenced this wrongful death action after their son (hereinafter decedent), a sophomore at Cornell University, fell to his death in a gorge near a fraternity house owned by defendant Alpha Sigma Phi, Iota Chapter (hereinafter defendant) in the City of Ithaca, Tompkins County. Before he fell, decedent had been drinking heavily and, with his friend Ryan Bridge, attempted to find his way to a party at a different Cornell fraternity house. They drove by two signs indicating that the street they were on was for local traffic only because the bridge over the nearby gorge was closed. Although they were neither members nor guests of defendant, they then turned into defendant's private driveway, drove to its parking lot and parked illegally in a fire lane. Decedent and Bridge got out of their vehicle and stood conferring in the parking lot directly in front of defendant's fraternity house. It was after 10:00 P.M. and there was no party or other event going on there. When Benjamin Dewitt, one of defendant's members, saw them and questioned their presence, they did not respond. Instead, they turned and walked away out of sight down a sloping, unlit stone pathway that ran along the side and to the rear of the house. After stepping inside the house to yell for assistance because he feared the intruders were vandals, Dewitt followed them, heard a crash and then came upon Bridge standing alone near the pathway. Defendant had previously installed a five-foot-high split-rail fence on its premises to separate the pathway from the nearby gorge. Although there was no gate or gap in the fence and no pathway beyond it to the gorge, decedent had crossed to the other side, proceeded in the dark about six feet through foliage that obscured the edge of the gorge and, tragically, fallen 80 feet to his death. When Dewitt arrived at Bridge's location, the fence was still intact. Later, decedent's blood alcohol content was found to be .26%.

In their complaint, plaintiffs allege that defendants were negligent in maintaining the premises by, among other things, failing to adequately warn and guard against the danger of persons falling into the gorge. Following discovery, defendants moved for summary judgment dismissing the complaint on the grounds that they owed no duty to decedent because the gorge was an open and obvious natural hazard, decedent was a

trespasser whose presence was unforeseeable and decedent's intoxication was a superseding cause of his fall.* Supreme Court found a question of fact as to each ground and denied the motion as to defendant, prompting this appeal. While we agree that questions of fact preclude summary judgment on the other grounds of defendant's motion, we find no record evidence that it was foreseeable that decedent would trespass on defendant's private property, cross to the far side of its fence and fall into the gorge.

A property owner's obligation to maintain its property in reasonably safe condition is measured by foreseeability (*see Basso v Miller*, 40 NY2d 233, 241 [1976]), and "no liability arises where the injured party's presence on the property is not reasonably foreseeable" (*Bracci v Roberts*, 217 AD2d 897, 897 [1995]; *see Scurti v City of New York*, 40 NY2d 433, 442 [1976]; *DeMarrais v Swift*, 283 AD2d 540, 541 [2001]; *Baczkowski v Zurn*, 235 AD2d 894, 895 [1997]). As relevant here, "the likelihood of one entering without permission depends on the facts of the case including the location of the property in relation to populated areas, its accessibility and whether there have been any prior incidents of trespassing in the area where the injury occurred" (*Scurti v City of New York*, 40 NY2d at 442). While questions of what is foreseeable are generally for the factfinder to resolve (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]), the courts will resolve them as a matter of law where the relevant facts are undisputed and only one inference may be drawn (*see Hendricks v Lee's Family*, 301 AD2d 1013, 1013-1014 [2003]; *Hessner v Laporte*, 171 AD2d 999, 999-1000 [1991]).

Here, despite plaintiffs' claim to the contrary, the deposition testimonies of defendant's president, adviser and members do not include any admission that visitors, guests or nonmember college students were reasonably foreseeable users of the areas of its somewhat secluded premises that are close to the gorge. In fact, those persons testified that the areas along the side and rear of the house were only rarely used and then only by fraternity members who, of course, would be well aware of the location of the gorge. In addition, our review of the record discloses no evidence that there ever had been guests, whether invited or uninvited, in these areas. Further, there is no evidence that anyone had ever trespassed on these areas prior to decedent's accident, that there were any prior accidents caused by the proximity of these areas to the gorge or that defendant's

---

* Plaintiffs did not oppose the dismissal of the complaint against defendant Alpha Sigma Phi Fraternity, Inc. As such the motion was granted dismissing the complaint against said defendant.

fence had ever failed to prevent anyone from inadvertently reaching the edge of the gorge.

Inasmuch as plaintiffs have not shown that decedent's presence was anything other than a singular, unexpected and unusual event, defendant's duty of care did not extend to him (*see Barry v Gorecki*, 38 AD3d 1213, 1215 [2007]; *Hendricks v Lee's Family*, 301 AD2d at 1013; *McIntyre v Beaver Dam Winter Sports Club*, 163 AD2d 277, 279 [1990]; *Pizzola v State of New York*, 130 AD2d 796, 797 [1987]; *compare Mesick v State of New York*, 118 AD2d 214, 217 [1986], *lv denied* 68 NY2d 611 [1986]).

Peters, J.P., Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the order is modified, on the law, with costs to defendants, by reversing so much thereof as partially denied defendants' motion; motion granted in its entirety, summary judgment awarded to defendant Alpha Sigma Phi, Iota Chapter and complaint dismissed against said defendant; and, as so modified, affirmed.