14-4054-cv
*Philip v. Deutsche Bank National Trust Company*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand fifteen.

Present:
> DEBRA ANN LIVINGSTON,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges*,
> SIDNEY H. STEIN,
> *District Judge*.*

_____

JACOB PHILIP,

> *Plaintiff-Appellant*,

v.                                                                   14-4054-cv

DEUTSCHE BANK NATIONAL TRUST COMPANY,
as Trustee for Pooling and Servicing Agreement
Dated as of November 1, 2006 Securitized Asset
Backed Receivables LLC Trust 2006-WM3,

> *Defendant-Appellee*.

_____

---

* The Honorable Sidney H. Stein, of the United States District Court for the Southern District of New York, sitting by designation.

1

For Plaintiff-Appellant:            EDWIN T. MULHERN, Garden City, N.Y.

For Defendant-Appellee:            ERIC D. HOUSER, New York, N.Y.

**UPON DUE CONSIDERATION WHEREOF it is hereby ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

This case originates from a house fire at 171-50 107th Avenue in Queens, New York (the "Property"), that resulted in physical injury. Plaintiff-Appellant Jacob Philip ("Philip"), who sustained burns in the fire, brought a negligence claim against Defendant-Appellee Deutsche Bank National Trust Company ("Deutsche Bank") in its capacity as Trustee for the owner Trust.[1] Philip appeals from a September 30, 2014 order in the United States District Court for the Southern District of New York (Gardephe, *J.*), granting summary judgment in favor of Deutsche Bank. Subject matter jurisdiction is predicated on diversity of citizenship, and the parties do not dispute that the district court properly applied New York law. We assume the parties' familiarity with the underlying facts and procedural history of the case, which we describe here only as necessary to explain our decision to affirm.

## I.    Background

On September 17, 2010, the Property was foreclosed, and Deutsche Bank took title until the Property was sold in May 2011. During the time Deutsche Bank held title, its loan servicer retained a property manager that in turn hired third-party vendors to help with general management responsibilities, including the conduct of property inspections. On March 11, 2011, the Property's sole resident left the premises pursuant to a "cash-for-keys" agreement in which Deutsche Bank paid the tenant five thousand dollars to vacate. Pursuant to the terms of

---

[1] The Property's foreclosure resulted in its acquisition by Securitized Asset Backed Receivables LLC Trust 2006-WM3, for which Deutsche Bank acts as Trustee pursuant to a pooling and servicing agreement dated November 1, 2006.

2

the agreement, all personal property was to be removed, and the Property itself left in "broom clean" condition. The very day of the tenant's departure, a vendor acting on Deutsche Bank's behalf took photographs of the empty rooms inside, changed the lock on the front door, installed a digital lockbox, and boarded up and nailed shut the rear door of the Property. Metal bars protected the first-floor windows.

Two weeks later, Philip gained entry to the Property. According to Philip, on March 22, 2011, he spoke with a friend named Bipu Mohammed about renting a room at the Property. It is undisputed that Philip never entered into a written lease agreement, paid rent, or provided any consideration in exchange for his staying at the Property. It is also undisputed that no one named Bipu Mohammed was employed by Deutsche Bank in relation to the Property. Philip never produced Mohammed as a witness in the case, and a private investigation commissioned by Deutsche Bank did not yield anyone by that name.

According to Philip, on March 25, 2011, Mohammed took him to the Property and used a key to enter. The Property, Philip testified, was not empty—there was another man living there when he arrived. Although Philip brought barely any belongings to the Property, he decided to sleep on the bare floor that night. Philip testified that he planned to move his belongings to the Property the next day.

In the early morning hours of March 26, 2011, a fire occurred at the Property. The cause is undisputed: the fire began because of an accidental ignition from a hot plate being used as a heating device. Philip testified at his deposition that the fire began while he slept—the smell of smoke roused him—and he determined that the fire emanated from the other man's room as he saw smoke coming from under the door to that room. The fire was "all over" the room. A700. At that point, Philip and the other man attempted to extinguish the fire by

3

running to the bathroom, filling a small bucket with water, and throwing it on the fire at least ten times. At some point during that process, Philip lost consciousness. As a result, he sustained severe burns.

On the basis of those injuries, the instant negligence litigation ensued. The district court granted summary judgment in Deutsche Bank's favor, concluding that the undisputed facts demonstrated that Philip was a trespasser on the Property, that Deutsche Bank owed Philip a reasonable duty of care, but that Deutsche Bank had not breached this duty, as neither Philip's trespass nor the hot plate fire was a foreseeable event. In addition, the district court concluded that Deutsche Bank had undisputedly taken reasonable steps both to exclude trespassers and to secure the Property. On appeal, the gravamen of Philip's argument is that the district court erred because Philip's entry onto the property was foreseeable, and that there is an issue of material fact regarding whether Deutsche Bank acted reasonably. For the following reasons, we disagree.

## II.     Discussion

We review *de novo* a district court's grant of summary judgment. *Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013). Summary judgment is appropriate only when there is no genuine dispute as to any material fact. *Id.* We resolve all ambiguities and draw any factual inference in favor of Philip as the party against whom summary judgment was granted. *Id.*

"Under New York law, the elements of a negligence claim are: (i) a duty owed to the plaintiff by the defendant; (ii) breach of that duty; and (iii) injury substantially caused by that breach." *Lombard v. Booz-Allen & Hamilton, Inc.*, 280 F.3d 209, 215 (2d Cir. 2002). Although New York does not approach the duty-of-care inquiry by determining the status of an entrant (i.e., whether the entrant is an invitee, licensee, or trespasser), the court may consider who the plaintiff

4

is, what his purpose was on the land, and what would constitute "reasonable care under the circumstances." *Basso v. Miller*, 40 N.Y.2d 233, 241 (1976). Indeed, whether it is likely that a plaintiff would be on the property is the "primary independent factor in determining foreseeability[,] and the duty of the owner or occupier will vary with the likelihood of plaintiff's presence at the particular time and place of the injury." *Id.*

Upon a *de novo* review of the record and the relevant law, we conclude that the district court did not err in granting summary judgment to Deutsche Bank. First, drawing all inferences in Philip's favor, we see no evidence in the record that Deutsche Bank owed Philip any duty beyond a duty of reasonable care. Pursuant to this duty, New York law requires a landowner to "maintain its premises in a reasonably safe condition." *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 145 (2d Cir. 2001) (citing *Basso*, 40 N.Y.2d at 241; *Scurti v. City of New York*, 40 N.Y.2d 433, 437 (1976)). But, as we have noted, "that duty of care extends only to reasonably foreseeable accidents." *Id.*

The record clearly shows that neither Philip's entry on the Property nor the fire itself was a foreseeable event.[2] Deutsche Bank did not expect anyone to live at the Property. In fact, it took clear steps to ensure no one would occupy the Property during the period before it was sold. Thus, Deutsche Bank hired a property manager for upkeep. Photographs in the record show that, at the time the last tenant vacated, the Property's rooms were empty. Deutsche Bank's vendor changed the lock on the front door, installed a digital lockbox, and boarded up and nailed

---

[2] Philip argues that foreseeability is typically a question for the finder of fact. But in any negligence case, "the court must always determine as a threshold matter whether the facts will support an inference of negligence or lack of negligence." *Scurti*, 40 N.Y.2d at 442. As the district court stated, "a court may decide the issue of foreseeability 'when but a single inference can be drawn from [] undisputed facts.'" A776 (SPA17) (quoting *Hessner v. Laporte*, 567 N.Y.S.2d 944, 945 (3d Dep't 1991)). Here, the district court properly determined, as a matter of law, that neither Philip's presence on the Property nor the fire caused by a hot plate used as a heating device could have possibly been foreseeable events to Deutsche Bank.

shut the rear door of the Property. Philip himself, moreover, clearly testified in his deposition that metal bars protected the first-floor windows.

There was no extant relationship between Deutsche Bank and Philip. Philip testified that a man named Bipu Mohammed gave him access to the Property for rent. But the record is undisputed that Deutsche Bank never employed anyone by that name. Regardless, Philip did not enter into a written lease agreement, pay rent, or provide any consideration in exchange for his staying at the Property.[3] Therefore, to the extent that Philip's status as to the Property informs the duty inquiry, the district court was correct to conclude that Philip was a trespasser on the Property. *See In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 725 F.3d 65, 119 (2d Cir. 2013). That Philip himself may have believed that he was rightfully on the Property is inapposite. *See, e.g.*, *id.* (stating that although a trespasser "need not intend or expect the damaging consequence of his intrusion, he must intend the act which amounts to or produces the unlawful invasion").

Thus, because the record is undisputed that Philip had no lawful reason for being on the Property at the time of the fire, Deutsche Bank owed him a duty of "reasonable care under the circumstances." *Scurti*, 40 N.Y.2d at 437. And, as the district court concluded, Philip failed to raise a material issue of fact as to whether Deutsche Bank fulfilled its duty by "maintain[ing] its premises in a reasonably safe condition." *Robinson*, 269 F.3d at 145 (citing *Scurti*, 40 N.Y.2d at 437; *Basso*, 40 N.Y.2d at 241). As we have noted, the "duty of [reasonable] care extends only to reasonably foreseeable accidents." *Id.* The district court correctly found that it was not a foreseeable accident that a hot plate used as heating device would catch fire, that a

---

[3] Philip had not paid rent as of the day of the fire but testified that he would pay rent in the future.

trespasser would thereafter attempt to extinguish the fire rather than flee, and that the trespasser would ultimately lose consciousness and sustain burns on a secured property.

Philip argues that his entry onto the Property was foreseeable. Deutsche Bank, however, had no reason to be more concerned about trespassers than any typical landowner. As the district court noted, the foreseeability of a trespass depends on "the facts of the case including the location of the property in relation to populated areas, its accessibility and whether there have been any prior incidents of trespassing in the area where the injury occurred." A778 (SPA19) (quoting *Scurti*, 40 N.Y.2d at 442). Here, there is no dispute that the Property was located in a highly populated residential area. But there is no evidence that Deutsche Bank had any knowledge of prior incidents of trespass. To the contrary, there had been only one reported incident of possible trespassing twenty months earlier, and that report had been investigated and shown to be unsubstantiated.

We also agree with the district court that, even assuming "knowledge of a potential for trespassing could be imputed" to Deutsche Bank, Deutsche Bank's treatment of the Property was reasonable under the circumstances, and Philip has raised no material issue of fact suggesting the contrary. A782 (SPA23). Deutsche Bank took definitive steps to secure the Property. As discussed above, the record shows that Deutsche Bank ensured that the Property had been vacated and the locks were changed, the doors boarded up, and the windows barred. Personal property had been removed. Deutsche Bank, in fact, had the Property inspected two weeks before the fire; it learned of the fire on the same day it occurred because one of its agents was there for property maintenance. To that end, Deutsche Bank met its duty in making a "practicable and reasonable" effort to secure the premises. *Cf. Raylite Elec. Corp. v. City of New York*, 289 N.Y.S.2d 673, 675 (1st Dep't 1968) ("[T]he duty to provide adequate safeguards

7

to avoid injuring others would have been fulfilled if the doors and windows had been adequately secured to prevent access, together with reasonable inspections to insure the maintenance of said security.").   Thus, there is no evidence that Deutsche Bank, as title holder, breached its duty of reasonable care to Philip.

### III.    Conclusion

We have considered Philip's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk