Pacheco v Alma Realty Corp. (2023 NY Slip Op 02765)

Pacheco v Alma Realty Corp.

2023 NY Slip Op 02765

Decided on May 23, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 23, 2023

Before: Webber, J.P., Kern, Oing, Scarpulla, Rodriguez, JJ. 

Index No. 28029/17E Appeal No. 294 Case No. 2022-05163 

[*1]Alex Pacheco, Plaintiff-Respondent-Appellant,
v
Alma Realty Corp. et al., Defendants-Appellants-Respondents, Syncom Construction, Inc., Defendant-Respondent, Valco Building & Maintenance Supplies Corp. et al., Defendants.

Lewis Johs Avallone Aviles, New York (David Metzger of counsel), for Alma Realty Corp. and Three In One Equities, LLC, appellants-respondents.
Gartner & Bloom, P.C., New York (Daniel X. Montagna of counsel), for S&S Plumbing Corp., appellant-respondent.
The Law Offices of Omrani & Taub, P.C., New York (James L. Forde of counsel), for respondent-appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for respondent.

Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered October 14, 2022, which, to the extent appealed from, denied defendants Alma Realty Corp. and Three in One Equities, LLC's (together, Alma Realty) motion for summary judgment dismissing the complaint as against them, denied defendant S&S Plumbing Corp.'s motion for summary judgment dismissing the complaint as against it, and granted defendant Syncom Construction, Inc.'s motion for summary judgment dismissing the complaint as against it, unanimously modified, on the law, to grant Alma Realty's and S&S Plumbing's motions, and otherwise affirmed, without costs.
Plaintiff claims he sustained burns to his body due to steam emitting from a defective radiator valve while staying overnight in an apartment owned and managed by Alma Realty. At the time, the unit was vacant and undergoing renovation. Alma Realty had retained Syncom to perform the renovation work, and separately retained S&S Plumbing to remove the radiators and to replace the angle valves. A Syncom employee allowed plaintiff, who had nowhere stay, to spend the night in the apartment.
The court should have granted Alma Realty and S&S Plumbing summary judgment dismissing the complaint as against them, as the record established that plaintiff's presence in the apartment was unforeseeable as a matter of law (see Basso v Miller, 40 NY2d 233, 241 [1976]). Plaintiff proffered no evidence to refute defendants' showing that the apartment was accessible only to individuals involved with the construction work, and that there were no prior incidents of trespassing (see Scurti v City of New York, 40 NY2d 433, 442 [1976]; Elwood v Alpha Sigma Phi, Iota Ch. of Alpha Sigma Phi Fraternity, Inc., 62 AD3d 1074, 1076 [3d Dept 2009], lv denied 13 NY3d 711 [2009]). The property manager testified that two separate keys were required to access the apartment; that Syncom, while given a copy of the keys, was authorized only to let other construction workers into the unit; and that there were no prior instances where someone from Syncom had let a non-construction worker into the construction area. Moreover, plaintiff and the Syncom employee who permitted plaintiff to stay the night admittedly knew that the employee had no authority to let plaintiff into the apartment. In the absence of any showing that plaintiff's presence was reasonably foreseeable, defendants' duty of care did not extend to plaintiff (see Basso, 40 NY2d at 241).
Syncom was correctly granted summary judgment dismissing the complaint as against it because, contrary to plaintiff's contention, Syncom did not launch a force or instrument of harm (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]). It is undisputed that Syncom was not the party that boarded up the window to the fire escape, and that S&S Plumbing, not Syncom, was responsible for the radiator and angle valve. Syncom's failure to make the accident site safer did not subject it to liability under the Espinal exception [*2](see Church v Callanan Indus., 99 NY2d 104, 112 [2002]; Skeete v Greyhound Lines, Inc., 209 AD3d 415, 416-417 [1st Dept 2022]). Plaintiff's remaining contentions as to Syncom's liability are unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 23, 2023