■ KEITH BENJAMIN et al., Respondents, v SODUS COLD STORAGE COMPANY et al., Appellants. (Appeal No. 1.)—Order unanimously reversed on the law without costs, motion granted and complaint dismissed, in accordance with the following memorandum: "It is a long-standing common-law rule that firefighters injured while extinguishing fires generally cannot recover against the property owners or occupants whose negligence in maintaining the premises occasioned the fires" *(Santangelo v State of New York,* 71 NY2d 393, 396; *see also, Kenavan v City of New York,* 70 NY2d 558, 566). "Once a fire starts and the firemen or fire patrolmen arrive on the scene, they assume the usual risks inherent in their work, including those arising from contact with flames or smoke" *(McGee v Adams Paper & Twine Co.,* 26 AD2d 186, 190, *affd* 20 NY2d 921, *rearg denied* 21 NY2d 1040). The "fireman's rule" has traditionally been applied to police officers injured in the line of duty. "Like firefighters, police are the experts engaged, trained and compensated by the public to deal on its behalf with emergencies and hazards often created by negligence, and like firefighters they generally cannot recover damages for negligence in the very situations that create the

occasion for their services" *(Santangelo v State of New York, supra,* at 397).

It is clear that, in the present case, plaintiff's first cause of action alleging negligence must be dismissed because plaintiff was at the fire scene in his official capacity as a Deputy Sheriff in charge of crowd and traffic control. Under these circumstances, defendants cannot be held liable for negligently creating the condition that caused the need for plaintiff's services and resulted in plaintiff's smoke-inhalation-related injuries.

Plaintiff's second cause of action alleging negligent failure to warn must likewise be dismissed. Although an owner can be held liable for failure to warn a firefighter of a dangerous condition if the owner has reason to believe the firefighter is unaware of it *(see, McGee v Adams Paper & Twine Co., supra,* at 191; *Jenkins v 313-321 W. 37th St. Corp.,* 284 NY 397, 401-402, *rearg denied* 285 NY 614; *see also,* Prosser and Keeton, Torts § 61, at 429-432 [5th ed]), in this case, plaintiff was aware of the fact that chemical insulation was burning and of its potential toxicity. In fact, plaintiff was in charge of the evacuation of citizens from the area.

Plaintiff's strict liability claims must also be dismissed. Although a strict liability claim is not necessarily barred by the "fireman's rule" *(see,* Annotation, *Products Liability: "Fireman's Rule" as a defense,* 62 ALR4th 727), plaintiff's claim in the case at bar is premised upon defendants' failure to warn. Because defendants have established that plaintiff was aware of the chemicals present on the site and of their dangerous nature, no liability can be premised upon this theory.

Finally, we conclude that plaintiff's Labor Law cause of action should have been dismissed. Defendants did not owe a duty to plaintiff under the Labor Law because plaintiff never entered the construction site *(see,* Labor Law § 200 [1]; § 241 [6]; *cf., Reinitz v Arc Elec. Constr. Co.,* 104 AD2d 247). (Appeal from order of Supreme Court, Wayne County, Curran, J.—summary judgment.) Present—Callahan, J. P., Doerr, Boomer, Pine and Davis, JJ.