■ JOHN GUADAGNO, Respondent, v BALTIMORE & OHIO RAILROAD COMPANY et al., Appellants. (And Third-Party Actions.) (Appeal No. 1.)—Order unanimously affirmed with costs. Memorandum: Plaintiff, a policeman, was allegedly injured by exposure to methyl chloride in connection with a train derailment in the Town of Hamburg on October 31, 1981. He supervised evacuation in the morning and was present as a liaison with the cleanup crew later in the day. During an attempt to stabilize a derailed tank car, the car fell to the ground, releasing methyl chloride.

Supreme Court correctly denied defendants' motion for summary judgment dismissing the complaint. While *Santangelo v State of New York* (71 NY2d 393) bars a claim for negligence in causing the derailment, it does not preclude a claim for negligently failing to warn plaintiff of the hazard *(see, Benjamin v Sodus Cold Stor. Co.,* 149 AD2d 937). With respect to the hazard caused by dropping the car, the Fireman's Rule is inapplicable because that alleged negligence was not the reason plaintiff was on the scene.

There is no merit to plaintiff's contention that General Municipal Law § 205-e applies to this case. Although remedial, it is not retroactive because there is no clear expression of legislative intent to so apply it *(see, Matter of Deutsch v Catherwood,* 31 NY2d 487, 489-490) and it creates a cause of action which did not previously exist *(see, Longines-Wittnauer Watch Co. v Barnes & Reinecke,* 15 NY2d 443, 453, *cert denied sub nom. Estwing Mfg. Co. v Singer,* 382 US 905).

Following the denial of their motion for summary judgment, defendants moved for partial summary judgment to limit plaintiff's claim to injuries from exposure to methyl chloride when the tank car fell. Plaintiff was unwilling to stipulate that that was the only time he was exposed and injured because he feared that defendants would attempt to prove at trial that injury occurred during the evacuation phase, at which time defendants asserted that the Fireman's Rule applied. The court resolved the matter by precluding either party from submitting proof that plaintiff's injuries resulted from exposure to methyl chloride during the evacuation. Plaintiff and defendants have all appealed from different portions of this order. We find that defendants' potential

liability for failure to warn extends to the evacuation phase as well as the later phase when the tank car fell, and we therefore reverse the order in its entirety. (Appeal from order of Supreme Court, Erie County, Rossetti, J.—summary judgment.) Present—Dillon, P. J., Callahan, Green, Pine and Davis, JJ. *[See,* 142 Misc 2d 712].