GENE DUDA et al., Appellants, v WILLIAM H. GRIFFIN et al., Respondents.

Third Department, March 7, 1991

## APPEARANCES OF COUNSEL

*McGuirk, Levinson, Zeccola, Seaman, Reineke & Ornstein, P. C. (Frank J. Zeccola* and *Anthony M. Giordano* of counsel), for appellants.

*Christopher A. Benson (Gary A. Cusano* of counsel), for William H. Griffin and another, respondents.

*Hugh A. Scott (Richard J. Burke, Jr.,* of counsel), for Just Trucks, respondent.

## OPINION OF THE COURT

Mahoney, P. J.

On September 26, 1987 plaintiff Gene Duda (hereinafter plaintiff), while employed as a police officer by the Town of New Castle, Westchester County, and directing traffic at an intersection therein, was struck by a truck owned and operated by defendants Bowling Green Storage & Company, Inc. and William H. Griffin. Thereafter, plaintiff and his wife commenced this action in negligence against Griffin, Bowling Green and defendant Just Trucks, which had performed maintenance and repair work on the truck. After issue was joined, defendants moved for summary judgment dismissing the complaint. Supreme Court granted the motions. This appeal by plaintiffs ensued.

██ We reverse the order dismissing the complaint. Prior to the Legislature's enactment of General Municipal Law § 205-e, police officers injured while discharging their duties could not, in general, recover damages for negligence which occurred in situations that created the occasion for their services *(see, Santangelo v State of New York,* 71 NY2d 393). Police officers were considered experts engaged, trained and compensated by the public to deal on its behalf with hazards often created by negligence *(see, supra).* However, General Municipal Law § 205-e now conditionally allows for such recovery and, in light of the Legislature's July 1990 amendment thereof giving that statute retroactive effect *(see,* L 1989, ch 346, § 2, as amended by L 1990, ch 762), plaintiffs' action must be rein-

stated.* The amendment provides that "every cause of action for the personal injury or wrongful death of a police officer * * * which would have been actionable on or after January 1, 1987 had this section been effective is hereby revived and an action thereon may be commenced * * * on or before June 30, 1991" (L 1990, ch 762, § 1). We are, therefore, constrained to reinstate the complaint against Griffin and Bowling Green.

■ We reach a similar result with respect to Just Trucks, albeit by applying a different rationale. We first note that the action against Just Trucks, sounding in common-law negligence, cannot be reinstated pursuant to General Municipal Law § 205-e due to the complaint's failure to allege that Just Trucks violated any "statutes, ordinances, rules, orders and requirements" of any governmental body as required by that statute (General Municipal Law § 205-e). However, it is our view that the complaint against Just Trucks should be reinstated because the alleged negligent acts of Just Trucks were *not* "the very situations that create[d] the occasion for [plaintiff's] services" *(Santangelo v State of New York, supra,* at 397). The complaint alleges that Just Trucks was negligent in the maintenance and repair of the truck involved in plaintiff's injuries. We do not view that activity as creating the occasion for plaintiff's service in directing traffic. The attenuated relationship between the allegedly negligent act causing the injury and the act which occasioned plaintiff's services is insufficient to preclude recovery on the basis of *Santangelo* at this stage of the litigation *(see, Starkey v Trancamp Contr. Corp.,* 152 AD2d 358, 361; *see also, Guadagno v Baltimore & Ohio R. R. Co.,* 155 AD2d 981).

CASEY, MIKOLL, LEVINE and MERCURE, JJ., concur.

Order entered January 9, 1990 reversed, on the law, without costs, and motions denied.

Appeal from order entered April 10, 1990 dismissed, as academic, without costs.

---

* We note that Griffin and Bowling Green have withdrawn their opposi-*tion to* plaintiffs' appeal in this regard.