■ SEAN MULHOLLAND et al., Appellants, v JAMES WILLIS et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Katz, J.), dated March 12, 1990, which granted the defendants' motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The injured plaintiff, a police officer, was in the process of responding in the early hours of a cold winter morning to an alarm at the defendants' premises, when he fell in their backyard. The injured plaintiff and his wife seek to recover for the ensuing injuries on the theory that the defendants' alleged failure to properly remove snow and ice from their driveways and walkways created an unsafe, dangerous, and defective condition which led to his fall.

The Supreme Court granted the defendants' motion to dismiss the complaint, agreeing with the defendants that, because the plaintiff police officer was injured while performing a police function, he was precluded from maintaining the action *(see, Santangelo v State of New York,* 71 NY2d 393).

While we disagree with the rationale advanced by the Supreme Court, we nevertheless conclude that the dismissal of the complaint was proper.

The rule enunciated in *Santangelo v State of New York (supra)* does not preclude recovery in all cases where a police officer is injured in the line of duty. The decision does not alter the law with respect to the obligations of landowners to police officers who come onto their property *(Starkey v Trancamp Contr. Corp.,* 152 AD2d 358, 361-362). The general rule, which applies equally to the duty of care owed to a police officer, is that " '[t]he liability of a landowner to one injured upon his property should be governed, not by the ancient and antiquated distinctions between trespassers, licensees, and invitees decisive under common law, but rather by the standard applicable to negligence cases generally, i.e., the "standard of reasonable care under the circumstances whereby foreseeability shall be a measure of liability" *(Basso v Miller,* 40 NY2d 233, 241)' *(Scurti v City of New York,* 40 NY2d 433, 437) * * * Such liability should now rest upon the determination of the foreseeability of the plaintiff's presence in light of the frequency of the use of the area where the accident occurred, coupled with whether the defendant 'knew of the defective condition long enough before the plaintiff's injury to have permitted him in the exercise of reasonable care to have it corrected, or to give adequate warning of it; and if [the] defendant did not know of the condition, whether in the exercise of reasonable care he should have known of it and corrected it or given adequate warning of it' (PJI 2:90.1 [1988 Supp])" *(Starkey v Trancamp Contr. Corp., supra,* at 363).

Applying these standards to the facts at bar, we conclude that there is no basis for finding the defendants liable to the plaintiffs under a common-law negligence theory. While it was within the scope of the injured plaintiff's duties to respond to the alarm, the negligence of which he complains, i.e., failure to properly remove snow and ice, is totally unrelated to the act which caused the alarm to sound. Accordingly, the *Santangelo* rule would not preclude recovery under these circumstances. However, the defendants could not reasonably foresee that someone would enter their backyard in the early morning *(see, Rubsam v Alexander,* 177 AD2d 484 [decided herewith]). Consequently, they cannot be held accountable for failing to remove the snow and ice prior to that time. Inasmuch as the plaintiffs have failed to establish any negligence on the part of the defendants, the defendants' motion for summary judgment

pursuant to CPLR 3212 was properly granted. Thompson, J. P., Kunzeman, Lawrence and Miller, JJ., concur.