■ LOUIS H. RUBSAM et al., Respondents, v EMILY ALEXANDER, as Executrix of WILLIAM F. ALEXANDER, Deceased, et al., Appellants, and JOHN ALEXANDER, Respondent.—In a negligence action to recover damages for personal injuries, etc., the defendants Emily Alexander as Executrix of the estate of William F. Alexander, Homeowners Association at Admiralty, Inc., and Davis Construction Corporation separately appeal from an order of the Supreme Court, Suffolk County (Hand, J.), dated February 8, 1990, which denied their respective motions for summary judgment dismissing the complaint, third-party complaint, and all cross claims.

Ordered that the order is reversed, on the law, with one bill

of costs to the appellants appearing separately and filing separate briefs, payable by the plaintiffs, the motions and cross motions are granted, and, upon searching the record and granting summary judgment to the defendant John Alexander, the complaint, third-party complaint, and all cross claims are dismissed.

On the evening of October 1, 1982, the injured plaintiff, a Suffolk County police detective, was on the premises of the Admiralty Condominium complex to investigate a rash of burglary complaints. While engaged in a nighttime stakeout on the premises, he received a report of a suspicious vehicle on the condominium grounds. After investigating this report and finding nothing, he proceeded to his stakeout position. Rather than passing through the condominium complex gate, or the security gate adjacent to the accident site, he scaled a five-foot high wall separating the condominium complex from Montauk Highway, and was injured as he landed on a pile of hardened concrete which had been discarded at the base of the wall.

We agree with the conclusion of the Supreme Court that the plaintiffs' suit is not barred by the rule of *Santangelo v State of New York* (71 NY2d 393), as the negligence complained of, the failure to maintain the premises in a safe condition which caused the injury, was not related to the situation which created the need for the injured plaintiff's services *(see, Murphy v Creative Foods Corp.,* 170 AD2d 441; *Janeczko v Duhl,* 166 AD2d 257; *Sharkey v Mitchell's Newspaper Delivery,* 165 AD2d 664; *Guadagno v Baltimore & Ohio R. R. Co.,* 155 AD2d 981; *Starkey v Trancamp Contr. Corp.,* 152 AD2d 358). However, where injuries are sustained as a result of an alleged failure to maintain property in a reasonably safe condition, liability is governed by the "standard of reasonable care under the circumstances whereby foreseeability shall be a measure of liability" *(Basso v Miller,* 40 NY2d 233, 241). Under the circumstances presented by this case, we find, as a matter of law, that the appellants could not reasonably foresee that the plaintiff would climb over the wall of the condominium complex and jump down onto its grounds, thereby injuring himself *(see, Guida v 154 W. 14th St. Co.,* 13 AD2d 695, *affd* 11 NY2d 731; *Beedenbender v Midtown Props.,* 4 AD2d 276). Accordingly, the appellants may not be held liable for the unforeseeable injuries suffered *(see, Mulholland v Willis,* 177 AD2d 482 [decided herewith]).

Furthermore, after searching the record *(see,* CPLR 3212 [b]) we find that the nonappealing defendant John Alexander is

also entitled to summary judgment dismissing the complaint as against him *(see, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106; *Coleman v Village of Head of Harbor,* 163 AD2d 456). The unforeseeable manner in which the plaintiff was injured, coupled with the fact that this defendant, the son of the deceased landowner, merely consented to the entry of the police on the premises to conduct their stakeout, precludes any finding of liability against him. Thus, the complaint and all derivative cross claims and third-party complaints are dismissed in their entireties. Thompson, J. P., Sullivan, Lawrence and Miller, JJ., concur.