(November 25, 1991)

ROBERT ADDOLORATO et al., Respondents, v SAFEGUARD

CHEMICAL CORPORATION et al., Appellants, et al., Defendant.—
In an action to recover damages for personal injuries, etc., the
defendants Safeguard Chemical Corporation, Peter Piranian,
Jr., and Roxanne Nersesian appeal from an order of the
Supreme Court, Suffolk County (Lama, J.), entered March 21,
1990, which denied their motion for summary judgment dis-
missing the complaint insofar as it is asserted against them.

Ordered that the order is reversed, on the law, with costs,
the motion is granted, and the complaint is dismissed insofar
as it is asserted against the appellants; and it is further,

Ordered that upon searching the record pursuant to CPLR
3212 (b), summary judgment is awarded to the defendant Paul
William Knitting, Inc., and the complaint is also dismissed
insofar as it is asserted against that defendant; and it is
further,

Ordered that the appellants are awarded one bill of costs,
payable by the respondents.

On April 30, 1986, at approximately 7:50 A.M., while on duty
in the Bronx, the plaintiff Robert Addolorato, a New York
City police officer, responded to a radio report that police
officers were in pursuit of a robbery suspect. Addolorato drove
to the parking lot area of 391 Concord Avenue, which the
appellants owned and managed. A radio report indicated that
an anti-crime unit was chasing the robbery suspect along the
railroad tracks adjacent to the parking lot. Addolorato was
injured when a metal post supporting a barbed-wire fence
broke as he attempted to climb over the fence.

We agree with the Supreme Court that this lawsuit is not
barred by the rule of *Santangelo v State of New York* (71
NY2d 393), since the negligence complained of, the failure to
maintain the fence in a safe condition or post warning signs,
was not related to the situation that created the need for
Addolorato's services *(see, Rubsam v Alexander,* 177 AD2d 484;
*Murphy v Creative Foods Corp.,* 170 AD2d 441; *Janeczko v Duhl,*
166 AD2d 257; *Guadagno v Baltimore & Ohio R. R. Co.,* 155
AD2d 981; *Starkey v Trancamp Contr. Corp.,* 152 AD2d 358).
However, where injuries are sustained as a result of an alleged
failure to maintain property in a reasonably safe condition,
liability is governed by the "standard of reasonable care under
the circumstances whereby foreseeability shall be [the] measure
of liability" *(Basso v Miller,* 40 NY2d 233, 241). Under the cir-
cumstances of this case, we find, as a matter of law, that the
appellants could not reasonably foresee that Addolorato would

attempt to climb over a barbed-wire fence and injure himself in the process. Accordingly, the appellants are not liable for Addolorato's injuries *(see, Rubsam v Alexander, supra; Mulholland v Willis,* 177 AD2d 482).

Upon searching the record (CPLR 3212 [b]), we find that the nonappealing defendant Paul Williams Knitting, Inc., is also entitled to summary judgment dismissing the complaint insofar as it is asserted against it *(see, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106; *Rubsam v Alexander, supra; Coleman v Village of Head of Harbor,* 163 AD2d 456). Eiber, J. P., Rosenblatt, O'Brien and Ritter, JJ., concur.