STEVEN G. COSTANTINI et al., Respondents, v JULIE A. BENE-DETTO et al., Appellants.

Third Department, July 23, 1992

APPEARANCES OF COUNSEL

*Stephen R. Spring* for Julie A. Benedetto, appellant.

*Louise E. Dunn* and *Mary Audi Bjork* for Henry G. Kogstat, appellant.

*Tobin & Dempf (William Reynolds* of counsel), for New York Telephone Company, appellant.

*Gordon, Siegel, Mastro, Mullaney, Gordon & Galvin (Christopher M. Pushkarsh* of counsel), for New York State Electric & Gas Corporation, appellant.

*Harrington & Law (Robert T. Law, III,* of counsel), for respondents.

### OPINION OF THE COURT

Per Curiam.

The primary question presented on this appeal is

whether Supreme Court properly granted plaintiffs leave to amend their complaint alleging common-law negligence to add a cause of action pursuant to General Municipal Law § 205-e predicated on violations of the Vehicle and Traffic Law, Highway Law § 103-a and 17 NYCRR part 131.*

This negligence action was commenced in March 1989 to recover for personal injuries sustained by plaintiff Steven G. Costantini (hereinafter plaintiff), a Saratoga County Deputy Sheriff, as the result of an accident that occurred in the course of his employment on July 23, 1988. The original complaint alleged that at approximately 5:00 A.M. on the day of the accident, the automobile owned and operated by defendant Julie A. Benedetto struck a utility pole on Cemetery Road in Saratoga County causing the pole and its wires, owned by defendants New York State Electric & Gas Corporation (hereinafter NYSEG) and New York Telephone Company (hereinafter NYT), to fall to the ground and across Cemetery Road. At about 10:30 A.M. plaintiff, while investigating the accident scene, became entangled in and dragged along the ground by the downed utility wires, which were then being pulled several hundred feet by a vehicle owned and operated by defendant Henry G. Kogstat.

In February 1991, plaintiffs first moved to amend their complaint to assert a cause of action pursuant to General Municipal Law § 205-e. Defendants opposed the motion and Supreme Court, in denying the motion, held that the proposed amended complaint was deficient for failure to specify which statutes, ordinances, rules and regulations defendants violated as required by General Municipal Law § 205-e. Plaintiffs again moved to amend their complaint to assert this additional cause of action, this time specifying the statutes and regulations violated. Defendants again opposed the motion. This time, however, Supreme Court found that the proposed

---

*[1] Defendant New York Telephone Company raises two arguments for the first time on appeal: (1) that plaintiffs failed to plead the elements necessary to invoke the negligence per se doctrine, and (2) that Supreme Court improperly permitted plaintiffs to add a derivative cause of action on behalf of plaintiff Diane L. Costantini under General Municipal Law § 205-e. Defendant Julie A. Benedetto also raises an argument for the first time on this appeal that, because permission to amend was granted by the court in August 1991 and the 1990 amendment (L 1990, ch 762) creating this cause of action would only revive actions commenced on or before June 30, 1991, this leave was granted too late. As these issues were not raised before Supreme Court, this court will not address them (see, Brahm v Hatch, 169 AD2d 263, 266; Gunzburg v Gunzburg, 152 AD2d 537, 538).

amended pleading was sufficient and granted the motion. Defendants appeal.

"Generally, leave to amend pleadings is freely given * * * and the decision of whether to do so is committed to the discretion of the trial court, the exercise of which will not lightly be set aside" *(Mathiesen v Mead,* 168 AD2d 736). It is improvident, however, for a court to grant such leave if there is prejudice to the nonmoving party, the amendment plainly lacks merit or where the new causes of action are "palpably insufficient on their face" *(supra,* at 736-737; *see, Smith v Bessen,* 161 AD2d 847, 848). There is no claim here that the amendment presents new facts or any prejudice. Defendants argue only that the amended complaint does not allege a cause of action under General Municipal Law § 205-e because such an action cannot be based on a violation of the Vehicle and Traffic Law *(see, Kenavan v City of New York,* 70 NY2d 558) and the facts pleaded are not sufficient to sustain a General Municipal Law § 205-e action.

In our view the amended complaint fails to state a cause of action under General Municipal Law § 205-e against Benedetto and Kogstat, operators of the vehicles involved, and the order granting the motion to amend should be modified accordingly. General Municipal Law § 205-e was added by the Laws of 1989 (ch 346) to provide police officers with the same right awarded firefighters by General Municipal Law § 205-a *(see,* Executive Dept Mem, 1989 McKinney's Session Laws of NY, at 2140, 2141). In *Kenavan v City of New York (supra),* the Court of Appeals explained that "the scope of section 205-a is limited to property owners and the maintenance of premises in a safe condition for firefighters" *(supra,* at 566). As so limited, General Municipal Law § 205-a gives a cause of action to "firefighters who sustain injuries while engaged in extinguishing a fire on premises wherein the owner or other person in control negligently failed to comply with the requirements of some statute, ordinance, or rule respecting the maintenance and safety of such premises" *(supra,* at 567).

The other three Departments have determined that General Municipal Law § 205-e is similarly limited to violations of statutes, ordinances or regulations which relate to the maintenance and safety of premises *(Sciarrotta v Valenzuela,* 182 AD2d 443 [1st Dept]; *Pane v City of New York,* 177 AD2d 688 [2d Dept]; *Wawrzyniak v Sherk,* 170 AD2d 972 [4th Dept]). This court's decision in *Duda v Griffin* (165 AD2d 298), is not to the contrary. The owner and driver of the vehicle

which struck the police officer in the *Duda* case withdrew their opposition to the officer's appeal from the dismissal of his General Municipal Law § 205-e cause of action and the issue of whether liability under section 205-e extends beyond violations of statutes or regulations related to the maintenance and safety of premises was neither discussed nor decided by this court in *Duda*.

As previously noted, legislative history demonstrates that the purpose of General Municipal Law § 205-e was to give police officers the same right awarded firefighters under General Municipal Law § 205-a. More importantly, the language of section 205-e is virtually identical to the language of section 205-a and, presumably, the Legislature was aware when it enacted section 205-e that the scope of section 205-a had been limited by the Court of Appeals in *Kenavan v City of New York (supra)*. It follows, therefore, that General Municipal Law § 205-e applies only to violations of statutes, ordinances or regulations related to the maintenance and safety of premises. Plaintiffs' reliance on *Sharkey v Mitchell's Newspaper Delivery* (165 AD2d 664) in their argument to the contrary is misplaced *(see, Maisch v City of New York,* 181 AD2d 467).

■ The allegations against NYSEG and NYT, which are based on violations of the Highway Law § 103-a (failure to promptly remove an obstruction from the highway) and 17 NYCRR part 131 (governing the placement of utility poles and lines within highway rights-of-way), relate to maintenance and safety of premises and are, therefore, sufficient to support a General Municipal Law § 205-e cause of action.

We are unpersuaded by NYT's argument that because Highway Law § 103-a allows it a period of time in which to replace poles and lines, it cannot be found in violation of this section prior to the expiration of the specified time period. The first sentence of that statute imposes a duty on public utility corporations to remove the poles and wires when they become obstructions to the use of the highway by the traveling public. The fact that the Superintendent of Highways may remove the obstruction upon the utility's failure to do so within the time specified and charge the cost to the utility does not relieve the utility from the duty to act timely to remove the obstruction.

MIKOLL, J. P., YESAWICH JR., CREW III, CASEY and HARVEY, JJ., concur.

Ordered that the order is modified, on the law, without

costs, by reversing so much thereof as granted the motion permitting amendment of the complaint to allege a cause of action under General Municipal Law § 205-e against defendants Julie A. Benedetto and Henry G. Kogstat; motion denied to that extent; and, as so modified, affirmed. [Opinion rescinded and vacated, — AD2d —, —, Feb. 4, 1993.]