■ STEVEN G. COSTANTINI et al., Respondents, v JULIE A. BENEDETTO et al., Appellants.—Per Curiam. Appeal from an order of the Supreme Court (Viscardi, J.), entered August 14, 1991 in Saratoga County, which granted plaintiffs' motion for leave to serve an amended complaint.

The primary question presented on this appeal is whether Supreme Court properly granted plaintiffs leave to amend their complaint alleging common-law negligence to add a cause of action pursuant to General Municipal Law § 205-e predicated on violations of the Vehicle and Traffic Law, Highway Law § 103-a and 17 NYCRR part 131.*

This negligence action was commenced in March 1989 to recover for personal injuries sustained by plaintiff Steven G. Costantini (hereinafter plaintiff), a Saratoga County Deputy Sheriff, as a result of an accident that occurred in the course

---

* Defendant New York Telephone Company raises two arguments for the first time on appeal: (1) that plaintiffs failed to plead the elements necessary to invoke the negligence per se doctrine, and (2) that Supreme Court improperly permitted plaintiffs to add a derivative cause of action on behalf of plaintiff Diane L. Costantini under General Municipal Law § 205-e. Defendant Julie A. Benedetto also raises an argument for the first time on this appeal that, because permission to amend was granted by the court in August 1991 and the 1990 amendment (L 1990, ch 762) creating this cause of action would only revive actions commenced on or before June 30, 1991, this leave was granted too late. As these issues were not raised before Supreme Court, this Court will not address them *(see, Brahm v Hatch,* 169 AD2d 263, 266; *Gunzburg v Gunzburg,* 152 AD2d 537, 538).

of his employment on July 23, 1988. The original complaint alleged that at approximately 5:00 A.M. on the day of the accident, the automobile owned and operated by defendant Julie A. Benedetto struck a utility pole on Cemetery Road in Saratoga County causing the pole and its wires, owned by defendants New York State Electric & Gas Corporation and New York Telephone Company, to fall to the ground and across Cemetery Road. At about 10:30 A.M. plaintiff, while investigating the accident scene, became entangled in and dragged along the ground by the downed utility wires, which were then being pulled several hundred feet by a vehicle owned and operated by defendant Henry G. Kogstat.

In February 1991, plaintiffs first moved to amend their complaint to assert a cause of action pursuant to General Municipal Law § 205-e. Defendants opposed the motion and Supreme Court, in denying the motion, held that the proposed amended complaint was deficient for failure to specify which statutes, ordinances, rules and regulations defendants violated as required by General Municipal Law § 205-e. Plaintiffs again moved to amend their complaint to assert this additional cause of action, this time specifying the statutes and regulations violated. Defendants again opposed the motion. This time, however, Supreme Court found that the proposed amended pleading was sufficient and granted the motion. Defendants appealed.

"Generally, leave to amend pleadings is freely given * * * and the decision of whether to do so is committed to the discretion of the trial court, the exercise of which will not lightly be set aside" (Mathiesen v Mead, 168 AD2d 726 [citations omitted]). It is improvident, however, for a court to grant such leave if there is prejudice to the nonmoving party, the amendment plainly lacks merit or where the new causes of action are "palpably insufficient on their face" (supra, at 736-737; see, Smith v Bessen, 161 AD2d 847, 848). There is no claim here that the amendment presents new facts or any prejudice. Defendants argue only that the amended complaint does not allege a cause of action under General Municipal Law § 205-e because such an action cannot be based on a violation of the Vehicle and Traffic Law (see, Kenavan v City of New York, 70 NY2d 558) and the facts pleaded are not sufficient to sustain a General Municipal Law § 205-e action.

On July 17, 1992 an amendment to General Municipal Law § 205-e was signed into law and made effective immediately (L 1992, ch 474). The legislative intent of Laws of 1992 (ch 474) clearly indicates its purpose to clarify the coverage of the

statute and to ensure that General Municipal Law § 205-e is not limited in scope to violation of statutes relating to safety and maintenance of premises (see, L 1992, ch 474, § 1; letter dated July 10, 1992 of Senator Dean G. Skelos, Governor's Bill Jacket, L 1992, ch 474; letter dated July 9, 1992 of Member of Assembly Eric N. Vitaliano, Governor's Bill Jacket, L 1992, ch 474). The allegations here are therefore sufficient as a predicate to General Municipal Law § 205-e liability. Furthermore, General Municipal Law § 205-e permits plaintiffs to commence an action before June 30, 1993. Plaintiffs have met such requirement and, therefore, plaintiffs were properly granted leave to amend the complaint.

Mikoll, J. P., Yesawich Jr., Crew, Casey and Harvey, JJ., concur. Ordered that the order is affirmed, without costs. [See, 181 AD2d 301, 190 AD2d 890.]