■ RONALD GOODE et al., Appellants, v UNITED ARTISTS EASTERN THEATRE CORP., Doing Business as COMMACK DRIVE-IN, Respondent.—In a negligence action to recover damages for personal injuries, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered January 15, 1991, which, upon granting the defendant's motion to dismiss the complaint at the close of the plaintiffs' case, dismissed the complaint.

Ordered that the judgment is reversed, on the law, and a new trial is granted with costs to abide the event.

At approximately 7:00 P.M. on October 3, 1986, the plaintiff Ronald Goode, a Suffolk County police officer, responded to the defendant's premises, a drive-in movie theater that was closed for the winter season, to investigate a burglar alarm. It was dark, raining heavily, and there was no lighting on the property. As he stepped back after checking the doors to one of the buildings on the property, he stepped on some debris which caused him to fall, thereby injuring himself. A jury trial ensued and at the conclusion of the plaintiffs' case, the defendant moved to dismiss the complaint on the basis of the rule set forth in *Santangelo v State of New York* (71 NY2d 393). The trial court granted the motion and dismissed the complaint. We now reverse.

It is well settled that the rule set forth in *Santangelo v State of New York (supra)* does not preclude recovery in all cases where a police officer is injured in the line of duty *(see, Mulholland v Willis,* 177 AD2d 482; *Starkey v Trancamp Contr. Corp.,* 152 AD2d 358). *Santangelo* does not act as a bar to a negligence action where, as here, the negligence alleged to have caused the injury, namely, the failure to maintain the

premises in a safe condition, was not related to the situation which created the need for the plaintiff's services as a police officer, namely, the burglar alarm *(see, Iaccarino v Welland Estates,* 178 AD2d 402; *Mulholland v Willis, supra; Rubsam v Alexander,* 177 AD2d 484; *Addolorato v Safeguard Chem. Corp.,* 177 AD2d 680).

Moreover, in cases such as this where *Santangelo* does not apply, a landowner's liability generally rests "upon the determination of the foreseeability of the plaintiff's presence in light of the frequency of the use of the area where the accident occurred, coupled with whether the defendant 'knew of the defective condition long enough before the plaintiff's injury to have permitted him in the exercise of reasonable care to have it corrected, or to give adequate warning of it; and if [the] defendant did not know of the condition, whether in the exercise of reasonable care he should have known of it and corrected it or given adequate warning of it' " *(Starkey v Trancamp Contr. Corp., supra,* at 363). In the instant case, upon giving the plaintiff the benefit of every favorable inference which can be drawn from the evidence *(see, Fuller v City of Yonkers,* 100 AD2d 926; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 4401.05; CPLR 4401), we find that there was sufficient evidence to warrant submitting the case to the jury. Bracken, J. P., Balletta, Eiber and Copertino, JJ., concur.