OPINION OF THE COURT
Albert E. Tait, Jr., J.
Defendant James Laris moves to dismiss the complaint as against him. Third-party defendants Chevron Chemical Company and Valent U.S.A. Corporation (Chevron/Valent) cross-move to dismiss the third-party complaint for failure to state a cause of action. Defendant/third-party plaintiff Carmel Chemical Corporation (Carmel) cross-moves to dismiss the complaint as against it. Plaintiffs cross-move to amend their complaint.
In the underlying action plaintiffs seek damages for personal injuries allegedly sustained by William L. June, Jr., a volunteer firefighter, as a result of his exposure to pesticide during the course of responding to an emergency call. The undisputed facts are as follows. At approximately 9:00 p.m. on *883 July 24, 1991, a report of a smoke condition was made to the North Chittenango Fire Department of which William June, Jr. was Fire Chief. June drove his own vehicle to the area where the smoke condition had been reported. At Chestnut Ridge Road plaintiff encountered a whitish-gray smoke of unknown origin which he drove through in his motor vehicle. At Black Creek Road he continued driving for approximately 15 to 30 seconds through an even denser cloud with his car windows open. During this time his face became numb, his tongue swelled and he tasted diesel fuel. Shortly thereafter he learned that the cause of the cloud was a farmer, later identified as defendant Laris, spraying insecticide on his property. The symptoms disappeared and June left the premises to respond to another fire call. Later that day he experienced physical symptoms including upset stomach, dizziness and numbness in his hands and feet.
Plaintiffs’ amended complaint pleads five causes of action. The first alleges negligence against Laris. The second alleges failure to warn against Laris and Carmel. The third and fourth are against Laris only and allege products liability and punitive damages, respectively. The fifth cause of action against both defendants is a derivative action for loss of consortium.
Defendant Laris moves to dismiss the complaint as against him based on the so-called "fireman’s rule”, a long-standing common-law rule that firefighters injured while extinguishing fires cannot generally recover against those whose negligence in maintaining the premises occasioned the fire (Santangelo v State of New York, 71 NY2d 393, 396; McGee v Adams Paper & Twine Co., 20 NY2d 921, affg on opn below 26 AD2d 186). The negligence of the property owner cannot be the basis for his liability for injury received by the fireman during the performance of his duties (McGee v Adams Paper & Twine Co., supra). In Santangelo (supra, at 397), the Court of Appeals extended the rule to police officers holding that "like firefighters they generally cannot recover damages for negligence in the very situations that create the occasion for their services.”
In the case of Furch v General Elec. Co. (142 AD2d 8), firefighters were injured by exposure to a toxic substance released during a fire caused by malfunction of electrical equipment. In their actions against the contractor who installed the equipment plaintiffs argued that the "fireman’s rule” only applied to actions against the owner or occupant of the premises. The Court declined to so limit the rule holding *884 that the rule is applicable to "any person whose negligence creates the occasion for the firefighter’s services and thereby exposes him to the hazards normally associated with the performance of firemanic duties.” (Supra, at 11-12.) The Court acknowledged that the risk of exposure to toxic substances is an unfortunate consequence of modern technology. However it held that neither the risk-based rationale for the "fireman’s rule” nor the policy considerations upon which it is based supports an application of the rule which would absolve a party from liability for negligently exposing firefighters to toxic substances "where, as here, the alleged negligence is independent of that which created the need for their services and the emergency personnel have no reason to believe that exposure to toxic substances is a risk inherent in the emergency.” (Supra, at 12.) That situation is to be contrasted with the situation "where the emergency itself patently involves the risk of exposure to toxic substances.” (Supra.) The basis for the exception to the "fireman’s rule” was the finding that the negligence was "separate and apart from the negligence which occasioned the emergency for which plaintiffs were summoned.” (Supra.)
In Starkey v Trancamp Contr. Corp. (152 AD2d 358), the Court again applied the "separate and apart” rationale stating that the Court must examine the degree of separation between the negligent act directly causing the injury and the act which occasioned the officer’s presence.
In Cooper v City of New York (81 NY2d 584), a police officer sought compensation for injuries sustained in an automobile accident which occurred while she was responding to an emergency. The car in which plaintiff was a passenger crashed into the rear of another car which was stopped at an intersection for a red light. The Court of Appeals noted that it has never adopted the "separate and distinct” exception enunciated in Starkey (supra). Rather, the determinative factor is "whether the injury sustained is related to the particular dangers” (supra, at 590) expected as part of the officers’ duties. This analysis is based on the policy reasons for the rule, i.e., that firefighters and police officers are trained and compensated to encounter special hazards inherent in their work and assumed as part of their employment. Applying that reasoning the Court found that plaintiff’s injuries were related to a particular risk which she had assumed as part of her duties. Part of that risk included the possibility of injury while rushing to the scene of an emergency. Accordingly, the rule *885 precluded plaintiffs action for injuries sustained while responding to a call.
Applying that rationale to the case at bar this court finds that plaintiffs’ action based on common-law negligence should be dismissed. As noted in Furch (supra), the risk to firefighters of exposure to toxic substances is an unfortunate but foreseeable consequence of modern technology. The risk assumed by plaintiff as a volunteer firefighter included the possibility of such exposure when responding to an emergency call regarding a cloud of unknown origin. Plaintiff is barred by the "fireman’s rule” from recovering from the person whose negligence created the very risk which occasioned his presence on the premises.
Plaintiffs argue that their second cause of action against Laris based on failure to warn is viable based on the holding in Guadagno v Baltimore & Ohio R. R. Co. (155 AD2d 981). In that case police officers were injured by exposure to gas following a train derailment. The injury occurred sometime after the derailment when, during efforts to stabilize a derailed car, it fell and released the gas. Plaintiff was barred by the "fireman’s rule” from maintaining an action in common-law negligence but was not precluded from maintaining an action based on a theory of failure to warn. The Court held that the "fireman’s rule” was inapplicable to that cause of action "because that alleged negligence was not the reason plaintiff was on the scene.” (Supra.)
To the extent that the Court in Guadagno (supra) was applying the "separate and apart” distinction that reasoning has been denounced by the Court of Appeals in Cooper (supra). Moreover, in those cases where liability was grounded in a failure to warn there had been sufficient lapse of time between the arrival of the emergency personnel and the injurious exposure so as to permit the defendant to be aware of the danger and to have an opportunity to give warning (see, Furch v General Elec. Corp., supra; Starkey v Trancamp Contr. Corp., supra). No such situation existed in the case at bar. By the time defendant Laris encountered plaintiff and learned of his presence on the premises plaintiff had already been exposed to the pesticide and any damage or injury had already occurred. There has been no showing of any opportunity by defendant Laris to warn plaintiff prior to his exposure. Even where negligence and injury are established proximate cause remains an element which must be established in order for there to be liability on the part of the negligent person *886 (Howard v Poseidon Pools, 72 NY2d 972; Farinaro v State of New York, 132 AD2d 642).
In the case of McGee (supra), the Court refused to permit plaintiffs’ action including their claim based on failure to warn noting that liability "must generally rest upon causes other than those having to do with the inception of the fire and the ordinary hazards pertinent to the fighting and the spreading of the fire and the protecting of the property therefrom.” (26 AD2d, at 190, supra.) In the instant case plaintiff’s injuries arose directly from the inception of the pesticide cloud which was itself the emergency which prompted plaintiff’s presence on the premises.
Plaintiffs’ remaining causes of action against defendant Laris should be dismissed. Plaintiffs have not stated a valid cause of action against defendant Laris for products liability inasmuch as he is neither the manufacturer nor the seller of the product (86 NY Jur 2d, Products Liability, § 1). No separate cause of action exists for punitive damages (Zunno v Kiernan, 170 AD2d 795, 797). And plaintiff Tamara June’s derivative claim for loss of consortium draws its life from the primary claim and cannot stand by itself if the underlying action is meritless (Millington v Southeastern El. Co., 22 NY2d 498, 508; Champagne v State Farm Mut. Auto. Ins. Co., 185 AD2d 835, 836; Daniels v Zelco, Inc., 159 AD2d 538).
Chevron/Valent’s cross motion to dismiss the third-party complaint and Carmel’s cross motion to dismiss the complaint as against it are both based on the argument of Federal preemption. Carmel’s third-party action against Chevron/Va-lent is a claim for contribution in the event Carmel is found liable to plaintiffs. The viability of the claim for contribution depends on the merit of the underlying claim against Carmel. Plaintiffs’ second cause of action is the only one which asserts any claim against Carmel. In that cause of action plaintiffs assert that defendant Carmel negligently manufactured and sold a dangerous and defective insecticide and that Carmel failed to warn plaintiffs of the defective and dangerous conditions.
The Federal Insecticide, Fungicide and Rodenticide Act (FIFRA) (7 USC § 136 et seq.) provides that a State "shall not impose or continue in effect any requirements for labeling * * * in addition to or different from those required under this Act.” (7 USC § 136v [b].) Carmel and Chevron/Valent contend that the statutory preemption includes State common-law negligence claims.
*887 In Little v Dow Chem. Co. (148 Misc 2d 11), the only reported case by a New York State court addressing the question, it was held that State tort claims are indeed preempted by FIFRA. In that case plaintiffs alleged injury as a result of exposure to an insecticide manufactured by defendants and commenced an action in negligence based on failure to adequately warn users and persons who might come into contact with the insecticide. Citing International Paper Co. v Ouellette (479 US 481) as closely analogous, the court found that a common-law negligence cause of action based on failure to warn was preempted by FIFRA. The court further dismissed causes of action for strict liability and breach of warranty finding that since the product was registered with EPA there necessarily had to have been a determination that the product was not unreasonably risky to human beings.
In the case of Cipollone v Liggett Group Co. (505 US —, 112 S Ct 2608 [1992]), the Supreme Court addressed the preemption provisions of the Federal statute governing cigarette labeling and advertising. A smoker who died of lung cancer brought a State tort action against the cigarette manufacturers based in part on failure to warn consumers of the dangers of smoking. In 1965 the preemption provision of the Federal Cigarette Labeling and Advertising Act (now 15 USC §§ 1331-1340) read: "(b) No statement relating to smoking and health shall be required in the advertising of any cigarettes the packages of which are labeled in conformity with the provisions of this Act.” (Former Pub L 89-92, § 5, 79 US Stat 283.)
The Court held that this provision only preempted State rule-making bodies from mandating particular cautionary statements but did not preempt State law damage actions.
In 1969 that provision of the act was changed to read: "(b) No requirement or prohibition based on smoking and health shall be imposed under State law with respect to the advertising or promotion of any cigarettes the packages of which are labeled in conformity with the provisions of this Act.” (15 USC § 1334 [b].)
The Court held that the provision so-worded did preempt the State law tort claim based on failure to warn of the hazards of cigarette smoking. The Court stated that "[t]he phrase '[h]o requirement or prohibition’ sweeps broadly and suggests no distinction between positive enactments and common law”. (Cipollone v Liggett Group Co., supra, 505 US, at —, 112 S Ct, at 2620.)
*888 Following Cipollone (supra), the United States District Court for the Eastern District of New York in Burke v Dow Chem. Co. (797 F Supp 1128) addressed the identical question presented in the case at bar, to wit, whether FIFRA preempts a New York . State common-law tort claim against the manufacturer of an insecticide based on failure to warn. That court found that it did not, reasoning that FIFRA expressly reserved to the State the right to regulate sale and use of insecticides and State tort law is an indirect method of such State regulation. In its analysis of the application of Cipollone (supra), the court in Burke (supra, at 1140) found that FIFRA "lies somewhere in between the 1965 and 1969 cigarette laws”. The court found that FIFRA merely ensures "that the states may not directly impose labelling requirements.” (Burke v Dow Chem. Co., supra, at 1136 [emphasis in original].) In reaching this conclusion the court cited Ferebee v Chevron Chem. Co. (736 F2d 1529, cert denied 469 US 1062), which it said "remains a leading case” on the question (supra, at 1138). The Ferebee case, decided prior to Cipollone, held that FIFRA did not expressly bar State common-law tort actions reasoning that a common-law right of recovery is not a "requirement” within the meaning of FIFRA’s preemption clause because it is "not equivalent to a direct regulatory command” (Ferebee v Chevron Chem. Co., supra, at 1541). The court in Burke (supra) acknowledged that two Courts of Appeals and several District Courts have rejected Ferebee’s analysis and found that FIFRA preempts failure to warn claims. In particular, the court cited the cases of Arkansas-Platte & Gulf Partnership v Van Waters & Rogers (959 F2d 158) and Papas v Upjohn Co. (926 F2d 1019) which did not find that FIFRA expressly preempts failure to warn claims but did find implied preemption. However, it should be noted that subsequent to Cipollone (supra), on petitions for certiorari, both of those cases were remanded for further consideration in light of Cipollone (see, Papas v Zoecon Corp., — US —, 112 S Ct 3020; Arkansas-Platte & Gulf Partnership v Van Waters & Rogers, — US —, 113 S Ct 314). And on remand the courts concluded that FIFRA expressly preempts State common-law tort actions predicated on failure to warn, noting that a common-law duty is no less a "requirement” in the preemption scheme than a State statute.
In King v DuPont (996 F2d 1346, 1347 [1993]), the United States Court of Appeals for the First Circuit concluded that in light of Cipollone (supra) "[b]ecause the language of FIFRA mandates the preemption of the establishment or enforcement *889 or [sic] any common law duty that would impose a labeling requirement inconsistent with those established by the Act, or the EPA’s regulations, Plaintiffs’ common law failure to warn claims are preempted as a matter of law.” If plaintiffs were permitted to recover on their State tort claims that in spite of EPA-approved labels the herbicides failed to provide adequate warning, the required warnings would necessarily be "in addition to or different from” those required under FIFRA contrary to 7 USC § 136v (b). In Cipollone (supra), the Court held that in the 1969 cigarette statute the words " 'no requirement or prohibition’ * * * encompass[ed] obligations that take the form of common law rules” (Cipollone v Liggett Group Co., supra, at 2620). The court in King (supra) found that the FIFRA language prohibiting States from "imposing or continuing in effect any requirements” is virtually indistinguishable from the State-imposed "requirement” language found in Cipollone (supra) to be preemptive (at 1349).
The only other case relied on by plaintiff is New York State Pesticide Coalition v Jorling (874 F2d 115). That case is really not on point in that it deals with a State regulatory statute which is expressly permitted under 7 USC § 136v (a), as opposed to a State common-law tort action for failure to warn.
There appears to be no way to distinguish or reconcile the results of Burke (supra) and King (supra). Both courts addressed the same issue and reached different results. This court finds the reasoning in King (supra) to be more persuasive and in harmony with Cipollone (supra). In Cipollone, the Court held that the term "requirement” in 7 USC § 136v (b) "sweeps broadly and suggests no distinction between positive enactments and the common law.” (Cipollone v Liggett Group Co., supra, at 2620.) As in King (supra), the labels in question in the case at bar were approved by the EPA as required by FIFRA. This court concurs with the court in King (supra) that common-law damage awards are a form of State regulation and thus are "requirements” within the meaning of 7 USC § 136v. An action for damages for inadequate warning necessarily depends on a showing that the labeling or packaging failed to meet a standard "in addition to or different from” that required by the statute. Such claims are preempted by section 136v (b). This court can find no meaningful distinction between the preemption language in Cipollone (supra) enjoining "requirements] or prohibition^] * * * imposed under State law” (15 USC §1334 [b]) and that in FIFRA that a *890 "State shall not impose * * * any requirements” (7 USC § 136v [b]).
Plaintiffs’ claim against Carmel for negligence in failure to warn of the dangers of insecticide is preempted by Federal law and should be dismissed.
Plaintiffs cross-move for leave to amend their complaint to assert a cause of action under General Municipal Law § 205-a and to add third-party defendants Chevron/Valent as defendants.
While permission to serve amended pleadings should be freely given (CPLR 3025 [b]), a pleading which is totally devoid of merit should not be allowed (Norman v Ferrara, 107 AD2d 739; Taylor v Taylor, 84 AD2d 947; 3 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 3025.15, 3025.23). A movant should at least be required to include as part of his motion papers affidavits which unequivocally make out a prima facie basis for the claim sought to be pleaded (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3025:ll, at 461).
The merits of plaintiffs’ claims with respect to negligence and failure to warn have been addressed supra. The only new cause of action sought to be added is against defendant Laris based on General Municipal Law § 205-a.
General Municipal Law § 205-a provides:
"§ 205-a. Additional right of action to certain injured or representatives of certain deceased firefighters
"In addition to any other right of action or recovery under any other provision of law, in the event any accident, causing injury, death or a disease which results in death, occurs directly or indirectly as a result of any neglect, omission, willful or culpable negligence of any person or persons in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments or of any and all their departments, divisions and bureaus, the person or persons guilty of said neglect, omission, willful or culpable negligence at the time of such injury or death shall be liable to pay any officer, member, agent or employee of any fire department injured, or whose life may be lost while in the discharge or performance of any duty imposed by the fire commissioner, fire chief or other superior officer of the fire department * * * a sum of money, in case of injury to person, not less than ten thousand dollars * * * such liability to be *891 determined and such sums recovered in an action to be instituted by any person injured * * * as aforesaid.”
Plaintiffs seek to add a cause of action alleging that Laris negligently violated certain sections of the Penal Law (reckless endangerment, assault, and criminal nuisance), that he violated ECL 33-1301 (8), and that he violated 6 NYCRR 325.2.
It has been established that the scope of General Municipal Law § 205-a is limited to maintenance of premises in a safe condition for firefighters (Kenavan v City of New York, 70 NY2d 558). It creates a cause of action only against persons who negligently fail to comply with a statute, ordinance or regulation specifically having to do with maintenance and safety of premises and "affords firefighters protection from those premises harboring violations of safety provisions that create hazards additional to those that firefighters already face in their profession.” (Kenavan v City of New York, supra, at 567.) Accordingly section 205-a liability has been found for violation of fire prevention regulations (Carroll v Pellico Bros., 44 Misc 2d 832, mod 26 AD2d 552, appeal dismissed 18 NY2d 708, affd 19 NY2d 658) and for violations of Highway Law requirements for prompt removal of obstructions and of rules governing placement of utility poles within the highway right-of-way (Costantini v Benedetto, 181 AD2d 301). Section 205-a liability has been denied when premised on violation of ordinances relating to abandoned vehicles (Kenavan v City of New York, supra); violation of Vehicle and Traffic Law (Sciarrotta v Valenzuela, 182 AD2d 443; Costantini v Benedetto, supra); and violation of construction and excavation safety rules and regulations (Sutherland v Hallen, 183 AD2d 887).
The sections of the Penal Law cited by plaintiffs have no relation to maintenance and safety of premises. The only proof submitted by plaintiffs of any statutory violation is a certificate of conviction of James Laris for criminal nuisance in the second degree in violation of Penal Law § 240.45 (1) for "conduct * * * unreasonable under all the circumstances * * * knowingly or recklessly creating] * *•* a condition which endangers the safety or health of a considerable number of persons.” As in Sutherland (supra), that statute is not primarily aimed at the maintenance of premises nor concerned with averting fire hazards. A violation of the statute would not necessarily "create hazards additional to those that firefighters already face in their profession” nor "increase the risks already inherent” in the firefighter’s job (Kenavan v City of New York, supra, at 567).
*892 Leave to amend the complaint should be denied where, as here, the lack of merit is clear (Norman v Ferrara, supra).
The motion of defendant James Laris and the cross motion of defendant Carmel Chemical Corporation to dismiss the complaint are granted. The cross motion of third-party defendants Chevron Chemical Company and Valent U.S.A. Corporation to dismiss the third-party complaint is granted. The motion of plaintiffs to amend the complaint is denied.