■ MICHAEL T. GALGANO et al., Respondents, v FDR SERVICES CORPORATION, Appellant. (And a Third-Party Action.) [614 NYS2d 447] —In an action to recover damages for personal injuries, etc., the defendant FDR Services Corporation appeals from an order of the Supreme Court, Nassau County (Winick, J.), dated August 4, 1992, which, after a hearing, denied the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On October 16, 1988, a fire began between 12:00 P.M. and 2:00 P.M. at the commercial laundry service located at 757 Foxhurst Road, Baldwin, New York. The premises was owned by the defendant, FDR Services Corporation. The vice president and 50% owner of the defendant corporation, Donald Luneburg, arrived on the scene at approximately 5:00 P.M., while the fire was still going on, and he remained there for the following 36 hours. During that time, the fire destroyed the premises. The Fire Marshal's Office called the plaintiff, Michael Galgano, to the scene. The plaintiff is a special agent with the United States Treasury Bureau of Alcohol, Tobacco and Firearms, who investigates possible fraud fires in Nassau County.

Galgano arrived on the scene at approximately 8:00 P.M. on October 16, 1988. It was dark outside and the building appeared to be in partial collapse. Galgano, a firefighter, and the inspector from the Fire Marshal's Office, investigated the area using a flashlight to determine where the fire had started. The three men walked through debris and then they walked on top of barrel drums. Galgano stepped in the middle of an unfastened barrel drum cover and sunk thigh high into a lye-type liquid. As a result, Galgano suffered third degree burns and required a skin graft operation.

Galgano and his wife commenced an action against the defendant, alleging that the defendant negligently failed to warn Galgano that hazardous chemicals were stored on the premises and the dangers posed by those chemicals. The defendant answered, denying the allegations of the plaintiffs' complaint, and alleging that Galgano was contributorily negligent and had assumed the risk. Thereafter, the defendant moved for summary judgment dismissing the complaint on the ground that the defendant had no duty to warn and that, in any event, the failure to warn was not a proximate cause of Galgano's injuries.

We find that there were issues of fact as to whether under the particular circumstances herein there was a duty to warn, and if so, whether the defendant failed in that duty (see, *Goode v United Artists E. Theatre Corp.*, 190 AD2d 710; *Guadagno v Baltimore & Ohio R. R. Co.*, 155 AD2d 981; *Starkey v Trancamp Contr. Corp.*, 152 AD2d 358). Rosenblatt, J. P., Lawrence, Copertino and Joy, JJ., concur.