■ George Baczkowski et al., Appellants, v William F. Zurn, Respondent. [652 NYS2d 850] —Spain, J. Appeal from an order of the Supreme Court (Keniry, J.), entered May 17, 1996 in Saratoga County, which granted defendant's motion for summary judgment dismissing the complaint.

On January 4, 1994, plaintiff George Baczkowski (hereinafter plaintiff) was injured while attempting to remove his snowmobile suit in order to urinate outside of defendant's residence. He allegedly slipped and fell on accumulated snow and ice. Plaintiff and his wife commenced this suit claiming that defendant was negligent in failing to keep his premises in a reasonable safe condition. Following completion of discovery, defendant moved for summary judgment. Supreme Court granted the motion and plaintiffs appeal.

It is true that summary judgment is generally not awarded in negligence cases because, even where the facts are not in dispute, there is still the question of whether the parties acted reasonably under the circumstances (*see, Cassidy v Valenti*, 211 AD2d 876). However, as Supreme Court noted, the duty of care of a landowner is to be governed by the rule of "reason-

able care under the circumstances whereby foreseeability shall be a measure of liability" *(Basso v Miller,* 40 NY2d 233, 241). While acknowledging that an owner has an obligation to remove snow and ice from driveways and walkways, we agree with the court's conclusion that this does not mandate that the homeowner remove all snow and ice from the premises. Rather, the likelihood of the injured party's presence in light of the frequency of the use of the area determines the questions of foreseeability and the owner's duties *(see, id.,* at 241).

Applying these standards to the instant case, we agree with Supreme Court that, as a matter of law, there is no basis for holding defendant liable for plaintiff's injuries. Plaintiff admittedly arrived on his snowmobile unannounced during a snowstorm at defendant's house. He knocked on the door and was told to wait. He then decided with some urgency that he had to urinate and proceeded along the side of the house to an area underneath the house's deck. There is no walkway; the deck was not used in the winter and defendant stored equipment underneath it. According to plaintiff, he did not want to urinate in the driveway because he did not want anyone to see him. Although defendant had in the past told plaintiff and others to use the backyard to go to the bathroom, plaintiff admitted that this occurred in the summertime and that defendant had not told plaintiff on this occassion to do so. Given these facts, we agree that defendant could not reasonably foresee that plaintiff would go to the back of the house in the dead of winter to urinate under his deck. Consequently, he cannot be held accountable for failing to remove the snow and ice prior to that time *(see, Mulholland v Willis,* 177 AD2d 482; *Persons v Cross,* 146 AD2d 892, *appeal dismissed in part and denied in part* 73 NY2d 993).

Cardona, P. J., Mercure, Casey and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.