■ ARTHUR DEMARRAIS et al., Respondents, v STEPHEN SWIFT, Defendant, and REFORMED CHURCH OF MIDDLEBURGH, NEW YORK, Appellant. [724 NYS2d 766] —In an action to recover damages for personal injuries, etc., the defendant Reformed Church of Middleburgh, New York, appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated February 9, 2000, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as asserted against the appellant.

The plaintiff, Arthur DeMarrais, was injured when he slipped and fell on ice on or near a driveway leading up to a house located on the property of the defendant Reformed Church of Middleburgh, New York (hereinafter the Church). The house and the Church had separate driveways. The house was partially torn down and encircled with yellow tape. There was also red tape encircling the perimeter of the back porch with the word "Danger" written on it, and a sign on the back porch which read "Keep out."

The Church had contracted with the defendant Stephen Swift to disassemble the house. DeMarrais, who was interested in finding a demolition contractor, entered the property to leave notes with his name and telephone number on the vehicles at the site. DeMarrais testified at an examination before trial that there was snow and ice throughout the area, and "snow covering all the ground."

The liability of a landowner to one injured upon its property is governed by the standard of reasonable care under the circumstances which employs foreseeability as a measure of li-

ability (*see, Basso v Miller,* 40 NY2d 233, 241; *Mulholland v Willis,* 177 AD2d 482). Such liability should rest upon the determination of the foreseeability of the plaintiff's presence in light of the frequency of the use of the area where the accident occurred, coupled with whether the defendant knew of the defective condition long enough before the plaintiff's injury to have permitted the defendant, in the exercise of reasonable care, to have it corrected, or to give adequate warning of it (*see, Mulholland v Willis, supra,* at 483). If the defendant did not know of the condition, a determination must be made as to whether, in the exercise of reasonable care, it should have known of it, corrected it, and given adequate warning of it (*see, Mulholland v Willis, supra,* at 483).

The accident occurred on a Sunday when no work was taking place on the site. DeMarrais was not associated with the Church, and neither the Church nor Swift had reports of others entering the property. There were clear warnings to stay away from the house. There was no reason to believe a passerby would enter the demolition site, which was closed for the weekend. Accordingly, DeMarrais's presence on the property was not foreseeable (*see, Rosenbloom v City of New York,* 254 AD2d 474; *Baczkowski v Zurn,* 235 AD2d 894; *Palmer v Prescott,* 208 AD2d 1065; *Mulholland v Willis, supra*).

Further, the snow and ice condition was open and obvious. The Church had "no duty to warn [of] a condition that can be readily observed by the reasonable use of senses. The situation is then a warning in itself" (*Olsen v State of New York,* 30 AD2d 759, 760, *affd* 25 NY2d 665; *see, Garcia v New York City Hous. Auth.,* 234 AD2d 102).

Accordingly, the Church is entitled to summary judgment. Friedmann, J. P., Goldstein, Feuerstein and Crane, JJ., concur.