■ Anthony Valvo et al., Respondents, v Loyal Order of Moose 1614, Appellant. [811 NYS2d 507]—

Appeal from an order of the Supreme Court, Erie County (Peter J. Notaro, J.), entered October 26, 2004 in a personal injury action. The order denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Anthony Valvo (plaintiff), an employee of the New York State Racing and Wagering Board (Board), when he slipped and fell on ice on defendant's property. Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint. Defendant contended in support of the motion that, inter alia, it owed no duty of care to plaintiff "given the unannounced inspection of a remote portion of its property by the plaintiff." We reject that

contention. Although defendant was not licensed by the Board at the time of the accident, plaintiff had been instructed by his supervisor to investigate whether defendant was illegally conducting gaming operations on its premises. Moreover, defendant was under investigation for allegedly having failed to pay part of its net profit to a charitable organization in accordance with the terms of its prior license. Thus, it was entirely foreseeable that plaintiff would enter onto defendant's property (*cf. Baczkowski v Zurn*, 235 AD2d 894 [1997]; *Mulholland v Willis*, 177 AD2d 482 [1991]). We further reject defendant's contention that plaintiff was injured while on "a remote portion" of defendant's property, rendering plaintiff's presence there unforeseeable. The record establishes that defendant conceded that, although patrons did not park in the area where plaintiff fell, deliveries were made to the rear of the premises in the general area where plaintiff fell and the area was plowed on a regular basis during the winter in anticipation of deliveries.

Defendant further contended in support of its motion that plaintiff assumed the risk of his injury by stepping out of the vehicle in which he was a passenger despite being aware of the snow-covered ground. That contention also is lacking in merit, inasmuch as the act of stepping out of a vehicle on a snow-covered lot does not involve "an elevated risk of danger" (*Giugliano v County of Nassau*, 24 AD3d 504, 505 [2005]; *cf. Lamandia-Cochi v Tulloch*, 305 AD2d 1062 [2003]). Finally, we reject the further contention of defendant in support of its motion that it is entitled to judgment as a matter of law because no act or omission by defendant "was a proximate cause of the plaintiff's alleged injuries." Here, the issue of proximate cause is for the trier of fact (*see generally Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980], *rearg denied* 52 NY2d 784 [1980]). Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.